**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| WILLIAM G. TOURET, THOMAS A. BENNETT, WILLIAM G. BLACK, EILEEN F. ROSENGERG-BLACK, ANTIONETTE BREED ALLYN COPP, RONALD A. DWIGHT, G. DALE DULGARIAN, as he is Trustee for KSD TRUST, VIRGINIA G. RIGGS, MATTHEW L. SHILLING, YVONNE G. SHILLING, and COLLEGE HILL NEIGHBORHOOD ASSOCIATION<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONAL AERONAUTICS AND SPACE ADMINISTRATION; DEPARTMENT OF ENERGY and BROWN UNIVERSITY<br><br>Defendants. | ) | C.A. No. 04-198T |

**ANSWER OF DEFENDANT BROWN UNIVERSITY**

Defendant Brown University ("Brown"), as its Answer to Plaintiffs' Complaint for Declaratory and Injunctive Relief (the "Complaint"), states as follows:

1. As there are no allegations in Paragraph 1, no response is required. However, to the extent that a response is required, Brown denies any allegations and denies any violations.

2. Brown admits that the individuals and organizations identified in Paragraphs 2(a)-(j) purport to join the action as plaintiffs, but Brown is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraphs 2(a)-(j).

3. Admitted.

4. Admitted.

5. Brown admits the allegations in the first sentence of Paragraph 5. Brown also

4

admits that its main campus is in the section of the City of the Providence known as College Hill. Brown University has historically been located in this area since it moved to Providence. Brown denies that College Hill is purely "residential" in nature. On the contrary, the College Hill area is characterized by a combination of commercial, educational and residential uses.

6. Brown denies that the Court has jurisdiction over Count One pursuant to (1) the Administrative Procedures Act, 5 U.S.C. §§ 701-706; (2) 28 U.S.C. § 1346(a)(2); or (2) the Declaratory Judgment Act, 28 U.S.C. § 2201. Brown admits that the Court has jurisdiction under 28 U.S.C. § 1331. Brown denies that the Court has pendent jurisdiction over Count Two of this action. For all claims over which the Court has jurisdiction, Brown admits that venue is proper in this District under 28 U.S.C. § 1391(e).

## FACTUAL STATEMENT

### The Brown University Project

7. Brown denies that construction of the new Life Sciences Building (the "Project") began "recently," but admits the remaining allegations in the first sentence of Paragraph 7 of the Complaint. Brown admits that the project site is bordered by Brown, Meeting, Thayer and Olive Streets and that it is immediately south of the University's Pembroke Campus, but denies that College Hill is a purely residential neighborhood. On the contrary, the College Hill area is characterized by a combination of commercial, educational and residential uses.

8. Brown admits the allegations in the first two sentences. Brown denies that it will elocate all of the various departments as identified to the new Life Sciences building in their entirety. Brown admits the allegations in the fourth and fifth sentences of Paragraph 8.

9. Brown admits that the building will have five levels above grade and one level below grade and denies the remaining allegations in the first sentence of Paragraph 9. Brown admits the allegations in the second sentence of Paragraph 9.

10. Admitted.

11. Brown admits the allegations in the first sentence of Paragraph 11. With respect to the second sentence, Brown admits that the building activities will generate some hazardous, radioactive, medical and biological wastes, but denies that the building will cause chemical air emissions from the labs directly to the outdoors "through building windows, doors and other openings." Brown further admits that there will be wastewater discharges associated with activities alleged, but states that such wastewater will be managed in accordance with Brown University laboratory procedures as well as applicable federal, state and local environmental laws and regulations. To the extent that the allegations in the second sentence of Paragraph 11 differ, the same are denied.

12. Brown admits that the total cost of the project, including but not limited to construction, is $95 million. With respect to the second sentence in Paragraph 12, Brown admits that the construction project, which began on June 23, 2003, will take approximately 30 months, and required utility relocation, excavation of rock and sill, and will require construction of the building itself. Brown denies that the construction project "will" require the demolition of three "historic properties." The project entailed the demolition of three structures in 2003.

13. Brown is without knowledge or information sufficient to form a belief as to whether College Hill is "densely populated," but admits the remaining allegations in the first sentence of Paragraph 13. Brown is without sufficient knowledge or information to form a belief as to the allegations in the second and third sentences of Paragraph 13. Brown admits the allegations in the fourth sentence of Paragraph 13.

**<u>The Federal Environmental Review Process</u>**

14. Admitted.

15. Paragraph 15 states a conclusion of law to which no response is required. To the

extent that a response is required, Brown denies the allegations in Paragraph 15.

16. Brown denies that the Environmental Assessment ("EA"), along with a Finding of No Significant Impact ("FONSI"), only "purported" to examine the potential environmental impacts of the proposed building, but admits the remaining allegations in the first sentence of Paragraph 16. Brown admits the allegations in the second sentence of Paragraph 16. With respect to the third sentence in Paragraph 16, Brown states that the terms of the EA and FONSI speak for themselves.

**PLAINTIFFS' STANDING**

17. Brown denies the allegations in the first sentence of Paragraph 17. Brown admits that the research conducted in the building will require the usage and storage of laboratory chemicals, radioactive materials, and biological materials, but denies the remainder of the allegations in the second sentence of Paragraph 17. Brown denies the allegations in the third and fourth sentences of Paragraph 17.

18. Brown states that the "procedures designed [sic] in NEPA, and its implementing regulations" speak for themselves. To the extent that a further response is required, Brown denies the allegations in Paragraph 18.

19. Denied.

20. Brown is without is without knowledge or information sufficient to form a belief as to truth of the allegations in Paragraph 20.

21. Denied.

22. Denied.

**CLAIM FOR RELIEF**
**COUNT ONE: NATIONAL ENVIRONMENTAL POLICY ACT**

23. Brown incorporates its responses to Paragraphs 1 through 22 of the Complaint as

if set forth in full.

24. Paragraph 24 states a conclusion of law to which no response is required. To the extent that a response is required, Brown is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiffs' claims are barred in whole or in part by the doctrine of laches, waiver and/or estoppel.

### Second Affirmative Defense

Plaintiffs' Complaint fails to state a claim upon which relief may be granted because, among other things, the proposed Life Sciences building does not constitute a major Federal action significantly affecting the environment within the meaning of NEPA.

### Third Affirmative Defense

Plaintiffs are not entitled to injunctive relief because they cannot establish a likelihood of success on the merits or irreparable harm.

### Fourth Affirmative Defense

Brown hereby gives notice that it intends to rely upon any other defense that may become available or appear during or as a result of discovery proceedings in this action, and hereby reserves its right to amend its answer to assert such defense or defenses.

WHEREFORE, Defendant Brown University respectfully requests that the Court:

1) dismiss the Complaint, and all counts contained therein, with prejudice;

2) enter judgment in favor of Brown University, and against Plaintiffs, on all counts of the Complaint;

3) award Brown University its costs and reasonable attorney's fees; and

4) award Brown University such other further relief as this Court may deem just and proper.

Respectfully submitted,

JOSEPH AVANZATO (#4774)
KRISTEN W. SHERMAN (#5595)
ADLER POLLOCK & SHEEHAN P.C.
2300 Financial Plaza
Providence, RI 02903-2443
Tel. (401) 274-7200
Fax (401) 351-4607

and

BEVERLY E. LEDBETTER, ESQ. (#2208)
General Counsel
Office of the General Counsel
Brown University
110 South Main Street
Providence, RI
Tel: (401) 863-9900
Fax: (401) 863-1199

Attorneys for Defendant Brown University

Dated: June 16, 2004

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the within was hand delivered on this 16th day of June, 2004, to J. William Harsch, Esq., 170 Westminster Street, Suite 800, Providence, Rhode Island and Robin Feder, Esq., United States Attorney's Office, District of Rhode Island, Fleet Center, 50 Kennedy Plaza, 8th Floor, Providence, RI 02903 with a copy sent via first-class mail postage prepaid to Peter L. Koff, Engel & Schultz, P.C., 125 High Street, Suite 2601, Boston, MA 02110.

*300784_1.DOC*