UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| WILLIAM G. TOURET, THOMAS A. BENNETT, WILLIAM G. BLACK, EILEEN F. ROSENBERG-BLACK, ANTOINETTE BREED, ALLYN COPP, RONALD A. DWIGHT, PAMELA HEXT DWIGHT, G. DALE DULGARIAN, as he is Trustee for KSD TRUST, VIRGINIA G. RIGGS, MATTHEW L. SHILLING, YVONNE G. SHILLING, and COLLEGE HILL NEIGHBORHOOD ASSOCIATION, | : | |
| Plaintiffs | : | |
| v. | : | C.A. NO. 04-198T |
| NATIONAL AERONAUTICS AND SPACE ADMINISTRATION; DEPARTMENT OF ENERGY; and BROWN UNIVERSITY | : | |
| Defendants | : | |

**ANSWER OF DEFENDANTS' NATIONAL AERONAUTICS AND SPACE ADMINISTRATION AND DEPARTMENT OF ENERGY**

In answer to the Complaint, Defendants, the National Aeronautics and Space Administration and the Department of Energy (the "Federal Defendants"), assert the following:

**FIRST AFFIRMATIVE DEFENSE**

Plaintiffs do not state a claim that is redressable through the actions of this court.

**SECOND AFFIRMATIVE DEFENSE**

The Federal Defendants intends to rely upon any matter constituting an avoidance or affirmative defense as set forth in Rule 8c of the Federal Rules of Civil Procedure and will seek leave to amend its answer to allege any such matters which might arise during the course of this action.

8

**THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred in whole or in part by the doctrine of laches, waiver and/or estoppel.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint fails to state a claim upon which relief may be granted because, among other things, the proposed Life Sciences building does not constitute a major Federal action significantly affecting the environment within the meaning of NEPA.

**FIFTH AFFIRMATIVE DEFENSE**

In response to the specific allegations of Plaintiffs' Complaint, the Federal Defendants assert as follows:

1. As to paragraph 1 of the complaint, the allegations of Plaintiffs' complaint consist of Plaintiffs' characterization of this suit that do not require a response. To the extent that a response is required, the allegations are denied.

2. As to Paragraph 2 of the complaint and subparagraphs a, b, c, d, e, f, g, h, i and j therein, the Federal Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations.

3. As to paragraph 3 of the complaint, the Federal Defendants admit the allegations set forth in this paragraph.

4. As to paragraph 4 of the complaint, the Federal Defendants admit the allegations set forth in this paragraph.

5. As to Paragraph 5 of the complaint, the Federal Defendants admit that Brown University is an educational institution organized under the laws of the state of Rhode Island,

with educational facilities located in Providence Rhode Island, including facilities located in or adjacent to the section of Providence known as College Hill. The remaining allegations contained in this paragraph consist of Plaintiffs' characterization of the facts, which do not require a response. To the extent that a response is required, the remaining allegations are denied.

6. As to paragraph 6 of the complaint, the allegations set forth legal conclusions as to jurisdiction and venue, which do not require a response. To the extent that a response is required, the Federal Defendants deny the allegations regarding jurisdiction under the Declaratory Judgment Act. For all claims over which this Court has jurisdiction, the Federal Defendants admit the allegations regarding venue.

7. As to paragraph 7 of the complaint, the Federal Defendants admit that Brown University has begun construction of a new Life Sciences building adjacent to an existing Biomedical Building. The Federal Defendants further admit that the project site is bordered by the streets alleged. The remaining allegations contained in this paragraph consist of Plaintiffs' characterization of the facts, which do not require a response. To the extent that a response is required, the remaining allegations are denied.

8. As to paragraph 8 of the complaint, the Federal Defendants are without knowledge or information sufficient to form a belief about the relocation of the Departments identified. The Federal Defendants admit the remaining allegations of paragraph 8.

9. As to paragraph 9 of the complaint, the Federal Defendants admit that the building will be on six levels, with one level being below grade, and that the building will contain the facilities specified. The Federal Defendants deny the remaining allegations.

10. The Federal Defendants admit that Brown University intends to use the proposed building for research and educational activities in the fields of genetics, microbiology, genomics, and biochemistry. The Federal Defendants have insufficient knowledge to form a belief as to what other specific research or educational activities might be conducted in the building in the future, and aver that any allegation as to the nature of that research and education, or the source, size or nature of any potential funding grants for such research and education is speculative and requires no response. To the extent a further response is deemed necessary, the allegations are denied.

11. As to paragraph 11 of the complaint, the Federal Defendants admit the allegations contained in the first sentence. As to the second sentence of the paragraph, the Federal Defendants admit the allegations except the reference to accidental or incidental disposal of chemical or other wastes in sink drains, which allegation is denied. The Federal Defendants aver that procedures are planned to prevent such accidental or incidental disposal and as such the allegation is speculative and requires no response. To the extent a further response is deemed necessary, the allegations are denied.

12. As to paragraph 12 of the complaint, the allegations are admitted.

13. As to paragraph 13 of the complaint, the allegations contained in the first sentence are admitted, except the characterization of the area as "densely populated", which is Plaintiffs' characterization of the neighborhood to which no answer is required. As to the second and third sentences, the allegations except for the population numbers, are admitted. The Federal Defendants state that they have insufficient knowledge upon which to form a belief as to the truth of the alleged population numbers. As to the fourth sentence, the Federal Defendants state that

they have insufficient knowledge upon which to form a belief as to the truth of the alleged numbers. To the extent a further response is deemed necessary, the allegations in paragraph 13 of the complaint are denied.

14. As to paragraph 14 of the complaint, the allegations are admitted.

15. As to paragraph 15 of the complaint, the allegations set forth a legal conclusion to which no response is required. Insofar as an answer may be deemed required, the allegations are denied.

16. As to the allegations set forth in paragraph 16 of the complaint, the Federal Defendants admit that the draft Environmental Assessment (EA) and Finding of no Significant Impact (FONSI) were published on or about June 2, 2003 and that the final EA and FONSI were published on or about August 8, 2003. Those documents speak for themselves. The remaining allegations are denied.

17. As to the first sentence of paragraph 17 of the complaint, the Federal Defendants state that they have insufficient knowledge upon which to form a belief as to the truth of the allegations and demands strict proof of the same. As to the second sentence, the Federal Defendants admit that laboratory chemicals, biological materials and limited quantities of radioactive materials will be stored and used in the building in the course of research activities. The Federal Defendants deny that there is an anticipated release of wastes into the neighborhood. As to the remaining allegations, including the third and fourth sentences of paragraph 17, the Federal Defendants deny the allegations.

18. As to paragraph 18 of the complaint, the allegations set forth a legal interpretation of the purpose and effect of the National Environmental Policy Act which does not require a

response. To the extent that the allegations characterize the provisions of that Act, the act speaks for itself. To the extent an answer is deemed required and to the extent that Plaintiffs allege that the Federal Defendants have thus far failed to adequately carry out their duties under NEPA and its implementing regulation, the allegations are denied.

19. There is no paragraph 19 in the Complaint.

20. As to paragraph 20 of the complaint, the Federal Defendants state that they have insufficient knowledge or information upon which to form a belief as to the truth of the allegations and demand strict proof of the same.

21. As to paragraph 21 of the complaint, the Federal Defendants deny that the project will result in any significant adverse impact on the economic interests, health, environmental interests, or recreational opportunities of the Plaintiffs.

22. As to paragraph 22 of the complaint, to the extent that the paragraph alleges that the Federal Defendants have thus far failed to adequately evaluate the environmental impacts of, alternatives to and mitigation measures regarding the project, the allegations are denied.

23. As to paragraph 23 of the complaint, the answers set forth in paragraphs 1-22 of Defendants' Answer are hereby incorporated by reference.

24. As to paragraph 24 of the complaint, the allegations set forth a legal conclusion that do not require a response.

25. As to paragraph 25 of the complaint, and each of its subparts, the allegations are denied.

26. As to paragraph 26, the allegations are denied.

27. As to paragraph 27 of the complaint, the allegations state a conclusion of law to

which no answer is required.

28. As to paragraph 28 of the complaint, the allegations are denied.

29. As to paragraph 29 of the complaint, the allegations state a conclusion of law to which no answer is required. To the extent that the paragraph alleges any failure on the part of the Federal Defendants to act in full compliance with statutory or regulatory obligations, the allegations are denied.

**THE FEDERAL DEFENDANTS** deny all other allegations of plaintiffs' complaint not specifically admitted.

**THE REMAINDER** of plaintiffs' complaint represents a Prayer for Relief to which no responsive pleading is required. To the extent that the Prayer for Relief is deemed to allege facts to which a response is required, the Federal Defendants deny the allegations.

**WHEREFORE**, the Federal Defendants, the National Aeronautics and Space Administration and the Department of Energy, request that Plaintiffs' Complaint for Declaratory and Injunctive Relief be denied and dismissed and for such other relief as this Court deems equitable and just.

Respectfully submitted,

CRAIG N. MOORE
United States Attorney

ROBIN E. FEDER
Assistant U.S. Attorney
Chief, Civil Division
Fleet Center
50 Kennedy Plaza, 8th floor
Providence, RI 02903
(401) 709-5000
(401) 709-5017 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of July, 2004, I caused a copy of the foregoing to be forwarded, by postage prepaid mail, to :

J. William W. Harsch, Esq.
170 Westminster Street, Suite 800
Providence, RI 02903

Peter L. Koff, Esq.
Engel & Schultz, P.C.
124 High Street, Suite 2601
Boston, MA 2601

Joseph Avanzato, Esq.
Kristen W. Sherman, Esq.
ADLER POLLOCK & SHEEHAN, P.C.
2300 Financial Plaza
Providence, RI 02903-2443

Beverly E. Ledbetter, Esq.
General Counsel
Office of the General Counsel
Brown University
110 South Main Street
Providence, RI

Nancy A. DeQuinzio