ORIGINAL

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| WILLIAM G. TOURET, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL AERONAUTICS AND SPACE ADMINISTRATION, et al.,<br><br>Defendants. | ) | CIVIL ACTION NO. 04-198T |

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD**

Plaintiffs William G. Touret, et al., submit this reply memorandum in support of their motion to supplement the administrative record.

**A. Summary of Reply Memorandum.**

There is absolutely no merit to the defendants' arguments that the Declaration of S. David Graber, P.E. and the Declaration of Eileen Black-Rosenberg should not be included in the materials used by this Court to decide the merits of this case. First, both declarations fit nicely into the well-established exceptions to the "record rule" and would be of significant assistance to this Court's evaluation of the environmental and scientific issues which underlie the plaintiffs' claim that an environmental impact statement ("EIS") should have been prepared prior to approval of federal funding for the construction of Brown's new Life Sciences Building. Second, the Graber declaration is extremely relevant to the core issue in the complaint that the federal defendants did not properly consider the human health and environmental impacts of the air emissions from the new building; and the Graber declaration meets the expert opinion standards of the Federal Rules of Evidence.

15

Finally, the defendants' argument that the air emissions issue is being raised too late and should, instead, have been first brought up in the environmental review process is wrong factually and would inappropriately shift onto the public the responsibility for meaningful environmental analysis, thereby creating an onerous and unworkable standard to be met for public comments on a federal agency's draft environmental assessment.[1]

**B. The Defendants' Arguments Lack Factual and Legal Support.**

**1. <u>The Declarations Fit Well-Established Exceptions to the "Record Rule</u>."**

The defendants are simply wrong in asserting that neither the Graber declaration nor the Rosenberg-Black declaration fall into any of the recognized exceptions to the "record review" rule. <u>See</u> federal defendants' memorandum at 3-5; Brown memorandum at 4-6. Significantly, the defendants have no argument to rebut the fact that numerous district court and circuit court NEPA decisions, which are cited in plaintiffs' opening memorandum at 5-6, have approved the use of extra-record affidavits in litigation challenging compliance with Section 102(2)(C) of the National Environmental Policy Act of 1969 ("NEPA"), 42 U.S.C. § 4332(2)(C).[2]

Brown, however, attempts to cloud the First Circuit's legal standard for consideration of affidavits in NEPA litigation by giving a very misleading picture of the holding in <u>Airport Impact Relief, Inc. v. Wykle</u>, 192 F.3d 197 (1st Cir. 1999). Brown conspicuously avoids any mention of that portion of the decision which recognizes that a district court may consider an expert's affidavit

---

[1]The plaintiffs are simultaneously moving to strike, pursuant to Fed. R. Civ. P. 11(b), certain specific factual allegations in Brown's memorandum which are false.

[2]Brown's argument that this case does not involve "complex or technical subject matter," and, therefore, the Graber affidavit is "unnecessary," <u>see</u> Brown memorandum at 5, is refuted by the very Environmental Assessment which is the subject of this action.

– offered by plaintiffs – to show significant NEPA issues which the agency had not considered. Id. at 201.[3] Instead, Brown quotes from another portion of the decision which considered the use of an agency's own affidavit in the circumstance that the administrative record did not explain the agency's decision. Id. at 209.

The federal defendants and Brown next attempt to block consideration of the Graber declaration on the asserted grounds that this declaration simply presents conflicting scientific opinions which "second-guess" the scientific determinations made by NASA and DOE. See federal defendants' memorandum at 6; Brown memorandum at 2, 6. But the Graber declaration is the *first*, and *only*, scientific explanation of whether the emissions of chemicals used in the new laboratories in the Life Sciences Building, considered alone or coupled with the emissions from the existing Biomedical Building, could have significant human health impacts.

### 2. The Statements in the Graber Declaration are Relevant and Conform to the Federal Rules of Evidence.

Both defendants spend a considerable portion of their memoranda on the mistaken argument that the information and conclusions in the Graber declaration are "irrelevant." The defendants assert that the declaration is erroneously premised on the adequacy of the so-called "RWDI Report" [AR 40 at 173-201], when, in fact, NASA and DOE did not rely on that report in reaching their conclusion that an EIS was not required. Federal defendants' memorandum at 7-8; Brown memorandum at 7. In fact, the RWDI Report was specifically referred to by NASA and DOE in both their Draft Environmental Assessment ("EA") [AR 98 at 570] and their Final EA [AR 113 at 749] as a "worst-case scenario" to determine the effects of increased dilution "as the emissions travel

[3] See Airport Impact Relief, Inc. v. Wykle, 45 F. Supp. 2d 89, 98-99 (D. Mass. 1999).

farther away from the building."

The precise question now presented is whether the Graber declaration would assist this Court's future consideration of the merits. Arguments about what NASA and DOE might have considered in looking at the air emissions from the new building, and what was relied on in making the decision challenged here, should be reserved for when the parties have an opportunity to brief the summary judgment issues. Furthermore, the plaintiffs take strong exceptions to the defendants' suggestions that compliance with Rhode Island air regulations resolves the question whether an EIS is needed; that the emissions are "*de minimis,* " "extremely low," and "not of sufficient concern;" and that Mr. Graber's declaration is based upon a misunderstanding of the EA and is factually in error. See federal defendants' memorandum at 8-9; Brown memorandum at 5, 8-9. To the extent appropriate, the plaintiffs will fully address these issues when summary judgment is briefed.[4]

Finally, the statements in the Graber declaration meet all applicable requirements of both relevance, under Fed. R. Evid. 402; and expert testimony, under Fed. R. Evid. 702. As to the relevancy issue, it is beyond question that the potential human health impacts from air emissions is an appropriate issue for consideration of whether, under the particular facts, a FONSI is adequate or an EIS is required. See Border Power Plant Working Group v. DOE, 260 F. Supp. 2d 997, 1019-1021 (S. D. Cal. 2003) (EA challenged for failing to evaluate the impacts on public health of increased air emissions from new electrical transmission lines). At this juncture, the plaintiffs believe that the Graber declaration meets all the requirements of 28 U.S.C. § 1746 and the standards

[4]Nevertheless, it is significant to point out that the defendants have not proffered an agency official to explain what NASA/DOE considered.

for consideration of expert testimony under Fed. R. Evid. 702.[5] To the extent the defendants wish to continue to contest the admissibility of Mr. Graber's expert opinions, the proper remedy is to make a request for a Daubert hearing. McConaghy v. Sequa Corp., 294 F. Supp. 2d 151, 168-169 (D. R .I 2003) (Lagueux, S.J.).[6]

**3. The Plaintiffs Raised the Air Emissions Issue Early in the Process.**

Finally, Brown asserts that plaintiffs failed to raise any concern about the release of toxic chemicals during the environmental review process when, it is claimed, plaintiffs instead concentrated on attempting to stop the project on historic impact grounds; and that, as a matter of "fundamental fairness," the two declarations should be excluded since this information would prejudice Brown. Brown memorandum at 1-3, 9-10.

These allegations are simply not true, as is set forth in detail in the Declaration of William G. Touret which is being submitted as part of Plaintiffs' Motion to Strike.

Plaintiffs William G. Touret, et al.,

By their attorneys,

Carolyn G. Mannis 4275 for
WILLIAM W. HARSCH/Bar No. 3688
170 Westminster Street, Suite 800
Providence , RI 02903
Tel. 401-454-4466
Fax 401-351-3914

Carolyn G. Mannis 4275 for
PETER L. KOFF
Massachusetts BBO #276520
Engel & Schultz, P.C.
125 High Street, Suite 2601
Boston, MA 02110
Tel. 617-951-9980
Fax 617-951-0048

Dated: September 14, 2004

---

[5]The objection that Mr. Graber's declaration offers opinions on health or medical issues, see federal defendants' memorandum at 7, is an insufficient reason, at this time, to exclude the declaration or any portions of it dealing with those issues.

[6]Contrary to the suggestion made in the Brown memorandum at 5-6, the Graber declaration does not "usurp" the Court's role by offering legal conclusions.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of September 2004, I caused a copy of the foregoing to be sent/hand-delivered, by postage prepaid mail to the following:

Robin E. Feder, Esq.
Assistant U.S. Attorney
Chief, Civil Division
Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, RI 02903

Joseph Avanzato, Esq.
Kristen W. Sherman, Esq.
ADLER POLLOCK & SHEEHAN, P.C.
2300 Financial Plaza
Providence, RI 02903-2443

Beverly E. Ledbetter, Esq.
Vice President and General Counsel
Box 1913
Brown University
Providence, RI 02912-1913