ORIGINAL

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

WILLIAM G. TOURET, et al.,

Plaintiffs,

v.

NATIONAL AERONAUTICS AND SPACE ADMINISTRATION, et al.,

Defendants.

CIVIL ACTION NO. 04-198T

**PLAINTIFFS' MOTION TO STRIKE**

Plaintiffs William G. Touret, et al., move pursuant to Fed. R. Civ. P. 11(b) to strike certain of the following specific portions of the memorandum filed by Brown University ("Brown") supporting its opposition to plaintiffs' motion to supplement the administrative record:

1. The assertions on the first three pages that after "unsuccessfully trying to thwart the Project on historical preservation grounds," it is only now in this litigation that the plaintiffs have raised, for the first time, the issue of dangerous air emissions.

2. All of Part III. of the memorandum, in which Brown states that the plaintiffs could and should have raised their concerns about dangerous air emissions years ago, but chose not to do so; (2) that the plaintiffs early efforts were "centered around historical preservation issues." and it was not until April 2003 that plaintiffs first pursued the issue of air emissions; (3) that the plaintiffs could have, and should have, offered the opinion of S. David Graber, P.E. during the public review process; (4) that the plaintiffs "knowingly opted to place the health of buildings before the health of people as an initial strategy;" and (5) that the plaintiffs sat silently while Brown moved forward with construction of the building.

In support of this motion plaintiffs submit (1) the Declaration of William G. Touret; and (2) a memorandum of law.

16

Plaintiffs William G. Touret, et al.,

By their attorneys,

4275 for
WILLIAM W. HARSCH/Bar No. 3688
170 Westminster Street, Suite 800
Providence , RI 02903
Tel. 401-454-4466
Fax 401-351-3914

4275 for
PETER L. KOFF
Massachusetts BBO #276520
Engel & Schultz, P.C.
125 High Street, Suite 2601
Boston, MA 02110
Tel. 617-951-9980
Fax 617-951-0048

Dated: September 14, 2004

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of September 2004, I caused a copy of the foregoing to be sent/hand-delivered, by postage prepaid mail to the following:

Robin E. Feder, Esq.
Assistant U.S. Attorney
Chief, Civil Division
Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, RI 02903

Joseph Avanzato, Esq.
Kristen W. Sherman, Esa.
ADLER POLLOCK & SHEEHAN, P.C.
2300 Financial Plaza
Providence, RI 02903-2443

Beverly E. Ledbetter, Esq.
Vice President and General Counsel
Box 1913
Brown University
Providence, RI 02912-1913

ORIGINAL

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| WILLIAM G. TOURET, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL AERONAUTICS AND SPACE ADMINISTRATION, et al.,<br><br>Defendants. | CIVIL ACTION NO. 04-198T |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO STRIKE**

Plaintiffs William G. Touret, et al., submit this memorandum in support of their motion to strike certain specific portions of the memorandum filed by Brown University ("Brown") supporting its opposition to plaintiffs' motion to supplement the administrative record.

The motion to strike is being filed because factual assertions presented by Brown are so clearly wrong and so beyond the "reasonable inquiry" test of Fed. R. Civ. P. 11(b) that these allegations should not be considered by this Court.[1] The following portions of Brown's memorandum are objected to and should be stricken:

1. The assertions on the first three pages that after "unsuccessfully trying to thwart the Project on historical preservation grounds," it is only now in this litigation that the plaintiffs have raised, for the first time, the issue of dangerous air emissions.
2. All of Part III of the memorandum, in which Brown states that the plaintiffs could and should have raised their concerns about dangerous air emissions years ago, but chose not to do so; (2) that the plaintiffs' early efforts were "centered around historical preservation issues." and it was not until April 2003 that plaintiffs first

[1]Even giving the defendants a wide birth and ample latitude to interpret the facts in the administrative record differently from plaintiffs and to present vigorous and creative legal arguments, the plaintiffs belief that Brown's memorandum goes well beyond the line envisioned in Rule 11(b). See Advisory Committee Notes to Rule 11(b) under the heading "1983 Amendment."