UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| WILLIAM G. TOURET, THOMAS A. BENNETT, WILLIAM G. BLACK, EILEEN F. ROSENGERG-BLACK, ANTIONETTE BREED ALLYN COPP, RONALD A. DWIGHT, G. DALE DULGARIAN, as he is Trustee for KSD TRUST, VIRGINIA G. RIGGS, MATTHEW L. SHILLING, YVONNE G. SHILLING, and COLLEGE HILL NEIGHBORHOOD ASSOCIATION, | |
| Plaintiffs | |
| v. | C.A. No. 04-198T |
| NATIONAL AERONAUTICS AND SPACE ADMINISTRATION; DEPARTMENT OF ENERGY and BROWN UNIVERSITY, | |
| Defendants. | |

## DEFENDANT BROWN UNIVERSITY'S OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE

Defendant, Brown University ("Brown"), hereby opposes Plaintiffs' Motion to Strike. As forth in the accompanying Memorandum of Law, this Court should decline to strike large portions of Brown's Memorandum of Law in Opposition to Plaintiffs' Motion to Supplement the Record simply because Plaintiffs disagree with Brown's characterization of the administrative record in this case. Furthermore, this Court should deny the Motion to Strike because the materials presented by Plaintiffs in support of their motion fail to establish that Brown's arguments rise to the level of redundant, immaterial, and pertinent or scandalous matter within the meaning of Fed. R. Civ. P. 12(f) so as to support the Motion to Strike.

19

Therefore, Brown respectfully requests that this Court deny the Motion to Strike.

BROWN UNIVERSITY
By its Attorneys,

JOSEPH AVANZATO (# 4774)
KRISTEN W. SHERMAN (# 5595)
ADLER POLLOCK & SHEEHAN P.C.
2300 Financial Plaza
Providence, RI 02903-2443
Tel. (401) 274-7200
Fax (401) 351-4607

and

BEVERLY E. LEDBETTER, ESQ. (# 2208)
General Counsel
Office of the General Counsel
Brown University
110 South Main Street
Providence, RI
Tel: (401) 863-9900
Fax: (401) 863-1199
Attorneys for Defendant Brown University

Dated: September 28, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the within was hand delivered on this 28th day of September, 2004, to J. William Harsch, Esq., 170 Westminster Street, Suite 800, Providence, Rhode Island and Robin Feder, Esq., United States Attorney's Office, District of Rhode Island, Fleet Center, 50 Kennedy Plaza, 8th Floor, Providence, RI 02903 with a copy sent via facsimile and first-class mail postage prepaid to Peter L. Koff, Engel & Schultz, P.C., 125 High Street, Suite 2601, Boston, MA 02110.

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| WILLIAM G. TOURET, THOMAS A. BENNETT, WILLIAM G. BLACK, EILEEN F. ROSENGERG-BLACK, ANTIONETTE BREED ALLYN COPP, RONALD A. DWIGHT, G. DALE DULGARIAN, as he is Trustee for KSD TRUST, VIRGINIA G. RIGGS, MATTHEW L. SHILLING, YVONNE G. SHILLING, and COLLEGE HILL NEIGHBORHOOD ASSOCIATION, | |
| Plaintiffs | |
| v. | C.A. No. 04-198T |
| NATIONAL AERONAUTICS AND SPACE ADMINISTRATION; DEPARTMENT OF ENERGY and BROWN UNIVERSITY, | |
| Defendants. | |

**DEFENDANT BROWN UNIVERSITY'S MEMORANDUM OF LAW IN SUPPORT OF ITS OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE**

Defendant Brown University ("Brown") submits this Memorandum of Law in support of its concurrently filed Opposition to Plaintiffs' Motion to Strike.

Because they disagree with the assertions in Brown's Memorandum of Law in Opposition to Plaintiffs' Motion to Supplement the Record ("Brown Mem."), Plaintiffs would have this Court strike virtually an entire section of the memorandum. This Court should summarily deny Plaintiffs' Motion to Strike for several reasons. The facts set forth in Part III of Brown's opposition memorandum are all supported by citations to the administrative record. Indeed, Plaintiffs do not dispute the validity of the citations or Brown's chronology of events based on those administrative record documents. Rather, they simply disagree with Brown's characterization of the facts. To do so, they rely almost exclusively on the extra-record statements and documents attached to the affidavit of William G. Touret, the submission of which this Court has not approved. However,

even if the Court deemed these materials to be properly before it, Brown submits that the Touret affidavit neither justifies nor excuses the fact that Plaintiffs failed to present the information that they now seek to add to the record until after the litigation began and construction of the building was well under way. Therefore, this Court should deny the Motion to Strike.

## I. PLAINTIFFS' MOTION TO STRIKE SHOULD BE DENIED BECAUSE THE ADMINISTRATIVE RECORD SUPPORTS BROWN'S DELAY ARGUMENT

Brown's argument that the information Plaintiffs are trying to include in the record is untimely is wholly supported by the administrative record upon which for this Court's must base its ultimate decision. Brown has neither mischaracterized nor misquoted the documents in the record to support its opposition to Plaintiffs' motion to supplement. Indeed, notably absent from the Motion to Strike is any assertion that Brown has erroneously cited or misquoted any of the documents in the administrative record.

Also absent from Plaintiffs' papers are specific objections to several key facts. Presumably because they do not dispute the same, Plaintiffs have not specifically objected to the following assertions made by Brown:

- Plaintiffs were aware of the proposed Life Sciences building years before they filed their administrative record comments. [Brown Mem. at p.9];

- As early as June of 2000, Brown was reaching out to the local community and holding public meetings regarding the proposed building [Brown Mem. at p.9; AR 1 at 0004; AR6 at 0011];

- In In early 2002, Plaintiffs began publicizing their opposition to the Life Sciences building and reached out to both legislators and NASA to voice that opposition [Brown Mem. at p. 9; AR33 at 0077; AR46 at 0255-56; AR47 at 0281-84; AR49 at 0287-89];

- Plaintiffs were represented by counsel as early as April 2003 [Brown Mem. at p.9; AR84 at 0455];

- Plaintiffs' claims about the alleged EA deficiencies as they pertain to air emissions did not surface until almost a year after the close of the public comment period and the start of construction [Brown Mem. at 10];

- Plaintiffs knew or should have known that the existing Biomedical Complex and the proposed building would result in air emissions [Brown Mem. at 10]; and
- Plaintiffs did not offer an expert opinion to challenge the findings and conclusions in the EA regarding air emissions either during or after the public review process [Brown Mem. at 10].[1]

Brown submits that these facts alone support the claim that Plaintiffs were less than diligent in pressing their concerns. It follows that, while Plaintiffs may disagree with Brown'sposition, Brown's position is supported by the administrative record. Thus, Brown's position is reasonable and certainly does not rise to the level of "redundant, immaterial, impertinent or scandalous" matter within the meaning of Fed. R. Civ. P. 12(f) so as to support a motion to strike.[2]

## II. THIS COURT SHOULD DENY THE MOTION TO STRIKE BECAUSE THE TOURET AFFIDAVIT IS IMPROPER AND INAPPOSITE

Touret's affidavit, upon which the Motion to Strike is premised, should be disregarded entirely or in large part because it injects facts and documents not part of the record for the Court's consideration. This Court has not approved submission of the affidavit.[3] The only motion to supplement approved by the Court is currently pending, and it does not include Touret's affidavit. Therefore, the affidavit is not properly before the Court.

---

[1] Plaintiffs mischaracterize Brown as arguing that "the plaintiffs could have and should have, offered the Opinion of S. David Graber, P.E. during the public review process." While Brown may have such an opinion, Brown's memorandum merely states that Plaintiffs did not, in fact, offer an expert opinion in connection with the EA process. Plaintiffs do not appear to challenge this fact.

[2] Plaintiffs' ready reference to Rule 11(b) is baseless. As detailed herein, Brown's assertions are not "clearly wrong" and were the result of a "reasonable inquiry."

[3] From the absence of any citations to the record, it can be surmised that the documents upon which Touret relies are also not part of the record.

Even assuming *arguendo* the propriety of Plaintiffs' submission, its contents do not justify striking part of Brown's memorandum because the Touret affidavit fails to dispute Brown's claims of delay. Rather, at most, Touret's affidavit tries to justify the delay by blaming Brown and the federal agencies.

Plaintiffs appear to argue that their delay was occasioned by Brown's misconduct. Plaintiffs claim, *inter alia*, that they tried as early as July of 2002 to obtain information about emissions but did not get that information until approximately a year later. Touret Aff. at ¶¶ 7 and 12. They suggest that Brown had an obligation and failed to provide them with air emissions information such that their delay is excusable. See id. at ¶ 4. However, Plaintiffs concede that Brown held multiple public meetings on the project. . Furthermore, when Touret reached out to Brown on his air emissions concerns in July of 2002, the parties met to discuss Touret's concerns. Touret Aff. at ¶ 7 and Exhibits A and B. Therefore, Plaintiffs' suggestion that Brown was secretive about its plans is erroneous.

The fact that Brown did not respond to all of Touret's concerns is inapposite. Touret presented Brown with an exhaustive list of requests, but acknowledged that he could and would seek information from third parties. Touret Aff. at ¶ 7 and Exhibit A ("To the extent that such information is available from third parties, I would not necessarily expect Brown to furnish it."). Indeed, Touret's affidavit demonstrates that he knew how to, and did in fact take, steps to research agency files for information.[4] In contrast to Plaintiffs' suggestion that they were at an informational disadvantage, Brown submits that Plaintiffs are and have always been an organized, well-educated and well-represented group. Therefore, the fact that Brown may not have publicly disseminated

[4] Plaintiffs rely on documents from Touret's agency file reviews to suggest that Brown has a history of non-compliance. See Touret Aff. at ¶ 11. Brown submits that the documents at issue are more than 10 years old and, in any event, fall far short of indicating any non-compliance.

information about air emissions directly to Plaintiffs prior to the agency review process does not justify Plaintiffs' delay.

Alternatively, Plaintiffs use the Touret affidavit to justify their delay in pressing specific objections to the air emissions by suggesting that they were unfairly denied sufficient time during the public review process to undertake an analysis. See Touret Aff. at ¶ 12. Plaintiffs complain that their request to extend the 30-day public comment period was denied. Id. Plaintiffs fail to mention that they were not entitled to submit public comments on the draft Environmental Assessment in the first instance. As explained in the final EA, the agencies' regulations do not require a public comment period on an EA. AR112 at 0788. Plaintiffs also fail to indicate that some of their requests for an extension of the comment period came at or after the close of the comment period on July 1, 2003. See AR 122. Nevertheless, the agencies specifically considered and responded to Plaintiffs' comments regarding air emissions. AR112 at 0783. Therefore, Plaintiffs can hardly be heard to cry foul about the length of the comment period as a basis for not presenting the information in the Graber and Rosenberg affidavits earlier.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' Motion to Strike.

Respectfully submitted,

JOSEPH AVANZATO (# 4774)
KRISTEN W. SHERMAN (# 5595)
ADLER POLLOCK & SHEEHAN P.C.
2300 Financial Plaza
Providence, RI 02903-2443
Tel. (401) 274-7200
Fax (401) 351-4607

and

BEVERLY E. LEDBETTER, ESQ. (# 2208)
General Counsel
Office of the General Counsel
Brown University
110 South Main Street
Providence, RI
Tel: (401) 863-9900
Fax: (401) 863-1199
Attorneys for Defendant Brown University

Dated: September 28, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the within was hand delivered on this 28th day of September, 2004, to J. William Harsch, Esq., 170 Westminster Street, Suite 800, Providence, Rhode Island and Robin Feder, Esq., United States Attorney's Office, District of Rhode Island, Fleet Center, 50 Kennedy Plaza, 8th Floor, Providence, RI 02903 with a copy sent via facsimile and first-class mail postage prepaid to Peter L. Koff, Engel & Schultz, P.C., 125 High Street, Suite 2601, Boston, MA 02110.

April M. Fontaine

310851_1.DOC