ORIGINAL

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

WILLIAM G. TOURET, et al.,

Plaintiffs,

v.

NATIONAL AERONAUTICS AND SPACE ADMINISTRATION, et al.,

Defendants.

CIVIL ACTION NO. 04-198T

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO STRIKE**

Plaintiffs William G. Touret, et al, submit this memorandum in support of their motion to strike certain specific portions of the memorandum filed by Brown University ("Brown") in opposition to plaintiffs' motion to supplement the administrative record.

In its memorandum, Brown continues to suggest -- *falsely* -- that information about anticipated toxic emissions from the proposed Life Sciences Building was available to plaintiffs prior to the June 2003 publication of the Draft Environmental Assessment (EA) (Brown Memorandum, pages 2, 4). The Touret Declaration makes clear that such was not the case, despite plaintiffs' earlier attempt to obtain information about such possible emissions from Brown and its refusal to provide it (Touret Declaration, ¶¶ 5-7). Brown does not dispute the facts set forth in the Touret Declaration. The fact that some limited emissions information was available prior to June 2003 from third-party sources about a *different* building -- Brown's existing Biomedical Building -- does not render truthful Brown's false claim that information about anticipated toxic emissions from the proposed Life Sciences Building was available to plaintiffs prior to June 2003.

20

In its opposition, Brown restates as a "key fact" that "Plaintiffs' claims about the alleged EA deficiencies as they pertain to air emissions did not surface until almost a year after the close of the public comment period and the start of construction" [i.e., May 2004] (Brown Memorandum, page 2)." That "fact" is also *plainly false*. Plaintiffs' attorney William Harsch, on July 1, 2003 -- *before* the close of the 30-day comment period for the Draft EA -- submitted a four-page letter criticizing the Draft EA's treatment of the proposed Life Science Building's possible future air emissions as well as defendants' failure to make that information available previously (AR 106 [0627-630]). Also on July 1, 2003, plaintiff William Touret submitted a 27-page letter (exclusive of exhibits) objecting to the Draft EA and its air emission disclosures (AR 123 [0896-1036]). The Touret letter also objected to defendants' failure to disclose air emissions information about the proposed Life Sciences Building prior to the publication of the Draft EA (AR 123 [0897-899, 0903-907]). And dozens of other local residents submitted additional objections during the same comment period to the newly-released emissions information contained in the Draft EA (AR 123 [1037-1084]).

Brown's contention that plaintiffs seek to strike large portions of Brown's memorandum simply because plaintiffs disagree with Brown's characterizations of the Administrative Record (Brown Memorandum, pages 1, 3) is thus meritless. Plaintiffs disagree with factual assertions that are based on facts *not* in the Administrative Record and which facts are demonstrably false.

By improperly misrepresenting the record, Brown seeks to shift the proper focus of this court's inquiry from the question of whether defendants met their statutory obligations under NEPA to examine fully and completely all of the potentially significant environmental impacts of the proposed Life Sciences Building, to a question about the adequacy of plaintiffs' inquiry of

whether Brown met its statutory obligations. But defendants' obligations under NEPA do not turn on whether plaintiffs made an inquiry or the adequacy of any such inquiry.

The facts stated in the Touret Declaration were available to Brown and its counsel and a reasonable inquiry would have disclosed them. Similarly, the July 1, 2003 Harsch and Touret letters commenting on the Draft EA are part of the Administrative Record and, therefore, were also readily available to Brown's counsel.

Accordingly, since the standards of Rule 11 require a reasonable inquiry and Brown's counsel failed to meet those standards, plaintiffs' motion to strike should be granted.

Plaintiffs William G. Touret, et al.,

By their attorneys,

J. WILLIAM W. HARSCH/Bar No. 3688
170 Westminster Street, Suite 800
Providence , RI 02903
Tel. 401-454-4466
Fax 401-351-3914

Peter L. Koff by JWWH #3688

PETER L. KOFF
Massachusetts BBO #276520
Engel & Schultz, P.C.
125 High Street, Suite 2601
Boston, MA 02110
Tel. 617-951-9980
Fax 617-951-0048

Dated: October 1, 2004

CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of October 2004, I caused a copy of the foregoing to be sent/hand-delivered, by postage prepaid mail to the following:

Robin E. Feder, Esq.
Assistant U.S. Attorney
Chief, Civil Division
Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, RI 02903

Joseph Avanzato, Esq.
Kristen W. Sherman, Esa.
ADLER POLLOCK & SHEEHAN, P.C.
2300 Financial Plaza
Providence, RI 02903-2443

Beverly E. Ledbetter, Esq.
Vice President and General Counsel
Box 1913
Brown University
Providence, RI 02912-1913

Dorothy F. Deragon

Dorothy F. Deragon