UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| WILLIAM G. TOURET, et al., Plaintiffs | : | |
| | : | |
| v. | : | C.A. No. 04-198T |
| | : | |
| NASA, et al., Defendants | : | |

**FEDERAL DEFENDANTS' OBJECTION TO MOTION TO AMEND COMPLAINT**

The Federal defendants object to plaintiffs' motion to amend the complaint for the following reasons:

1. It is untimely;
2. It does not meet the good cause standard of Rule 16(b);
3. It violates Rule 8; and
4. The motion to amend would be futile.

The objection is more fully set forth in the attached memorandum of law.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

ROBIN E. FEDER
Assistant U.S. Attorney
Chief, Civil Division
Fleet Center
50 Kennedy Plaza, 8th floor
Providence, RI 02903
(401) 709-5000
(401) 709-5017 (fax)

34

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of March 2005, I caused a copy of the foregoing to be forwarded, by postage prepaid mail, to :

J. William W. Harsch, Esq.
170 Westminster Street, Suite 800
Providence, RI 02903

Joseph Avanzato, Esq.
Kristen W. Sherman, Esq.
ADLER POLLOCK & SHEEHAN, P.C.
2300 Financial Plaza
Providence, RI 02903-2443

Beverly E. Ledbetter, Esq.
General Counsel
Office of the General Counsel
Brown University
110 South Main Street
Providence, RI

Nancy A DiQuenzo

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| WILLIAM G. TOURET, et al., Plaintiffs | : | |
| | : | |
| v. | : | C.A. No. 04-198T |
| | : | |
| NASA, et al., Defendants | : | |

**FEDERAL DEFENDANTS' MEMORANDUM IN SUPPORT OF OBJECTION TO MOTION TO AMEND COMPLAINT**

Plaintiffs have moved to amend the complaint and add 28 pages, 159 paragraphs and four counts to what was originally a one-count complaint for review of the agency record in a case brought under the National Environmental Protection Act (NEPA). The motion should be denied.

Plaintiffs filed their action on May 21, 2004. It was answered by Brown University on or about June 16, 2004. A conference was held with the Court on June 25, 2004, and a Scheduling Order was entered on June 28, 2004. Although a deadline for amendment of pleadings was not specifically set forth in the Scheduling Order, the chronology of all aspects of the case, including supplementation of the record and the briefing schedule were discussed at the conference. The Court directed that NASA and the Department of Energy (the United States) file the Administrative Record and their answer by July 27, 2004, which was done in accordance with the Order. Plaintiffs were directed to make their motion to supplement the record by August 10, 2004 and defendants were directed to respond and/or file their own motion to supplement by August 31, 2004. Plaintiffs moved to supplement the record with two declarations. In their motion, plaintiffs indicated that they might seek to further supplement the record with documents received in response to various FOIA requests. All defendants responded and

objected to the possibility of a late-filed motion to supplement, but such a motion was never filed. No defendant moved to supplement. For several months, the parties negotiated a resolution to plaintiffs' desire to supplement the record with hundreds of documents they had received in response to their FOIA requests, which plaintiffs claimed should have been part of the record. At the second scheduling conference, on October 7, 2004, plaintiffs represented that only 20 to 30 e-mails, out of the hundreds of documents contained in the FOIA responses, remained at issue. Ultimately, the parties agreed that only two documents would be added to the record, ending the dispute. On November 12, 2004, plaintiffs filed an assented-to motion to supplement the administrative record with those two documents. That motion was granted. Plaintiffs planned to offer the two agreed-upon documents at the hearing on November 17, 2004. However, one of the documents brought to court by plaintiffs was incorrect, and the documents were not filed until February 10, 2005. The motion to supplement the Record with the declarations was denied. On January 12, 2005, there was a change in counsel for plaintiffs. The two new attorneys had been involved in the case from its inception; one as a party, and the other as local counsel. On February 28, 2005, nine months after suit was filed, plaintiffs filed this motion to amend the complaint, which seeks to add most, if not all, of the information in the declarations and the documents which have already been eliminated through a negotiated resolution.

1. <u>The Motion to Amend is Untimely</u>

Plaintiffs' attempt to amend the complaint is really a motion to supplement the record, which should have been filed by August 10, 2004. Moreover, the motion to supplement was denied and the dispute over the additional documents was previously resolved.

2. The Motion to Amend Does Not Meet the Standard of Rule 16(b)

A motion to amend a complaint will be treated differently depending on its timing and the context in which it is filed. Steir v. Girl Scouts of the USA, 383 F.3d 7, 11-12 (1st Cir. 2004). A plaintiff is permitted to amend a complaint once as a matter of right prior to the filing of a responsive pleading by the defendant. Fed. R. Civ. P. 15(a). Id. at 12. Thereafter, the permission of the court or the consent of the opposing party is required. Id. The default rule mandates that leave to amend is to be "freely given when justice so requires," unless the amendment "would be futile, or reward, inter alia, undue or intended delay." Id., citing Resolution Trust Corp. v. Gold, 30 F.3d 251, 253 (1st Cir.1994). As a case progresses, and the issues are joined, the burden on a plaintiff seeking to amend a complaint becomes more exacting. Steir, at 12. Scheduling orders, for example, typically establish a cut-off date for amendments. Id. Once a scheduling order is in place, the liberal default rule is replaced by the more demanding "good cause" standard of Fed. R. Civ. P. 16(b). Id., citing O'Connell v. Hyatt Hotels, 357 F.3d 152, 154-155 (1st Cir.2004). This standard focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent. Steir, at 12. Regardless of the context, the longer a plaintiff delays, the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend. Id., citing Acosta-Mestre v. Hilton, 156 F.3d 49, 52-53 (1st Cir.1998).

Plaintiffs focus on Rule 15(a), emphasizing the Rule's pro-amendment orientation, but they have pinned their hopes on the wrong rule. O'Connell, at 154. The standard applicable here is not the "freely given" Rule 15(a) standard but the more stringent "good cause" standard

under Fed. R. Civ. P. 16(b). Id. The rationale is that application of the "good cause" standard preserves the integrity and effectiveness of Rule 16(b) scheduling orders. Id. at 155.

> In an era of burgeoning case loads and thronged dockets, effective case management has become an essential tool for handling civil litigation. Rule 16 provides the district courts with many of the devices necessary to manage its docket. For Rule 16(b) to operate effectively, litigants cannot be permitted to treat a scheduling order as a frivolous piece of paper idly entered, which can be cavalierly disregarded without peril.

Id. (Internal citations and quotations omitted).

Plaintiffs have not shown good cause to amend their complaint. To the contrary, they have attempted to offer the same evidence that has already been rejected by both the Court, and through negotiated settlement. Plaintiffs' claim that the proposed amendments will provide the court with a more accurate understanding of the allegations and permit the court to apply a standard of review less deferential than the "arbitrary and capricious" standard. Telling is plaintiffs' statement that: "the amendment will permit the court greater latitude to consider evidence not now formally part of the Administrative Record, which plaintiffs maintain is materially incomplete." Plaintiffs' Memo at 5.

Moreover, substitute counsel have been actively involved in the case from its inception and had ample opportunity to urge original counsel to amend the complaint or seek further supplementation of the record. This back-door attempt to supplement the record should not be countenanced.

3. The Proposed Amended Complaint Violates Rule 8

Rule 8(a) of the Federal Rules of Civil Procedure requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief". Rule 8(e) mandates that "[e]ach averment of a pleading shall be simple, concise and direct". The proposed

amended complaint is neither short, nor plain, simple, concise or direct. Its additional 28 pages, 159 paragraphs and four counts are inappropriately added. It is a wordy document which brings new meaning to the term 'verbose'. It is replete with evidentiary detail, not suited for inclusion in a federal court complaint. See, e.g., Resource N.E. of Long Island, Inc. v. Town of Babylon, 28 F. Supp.2d 786, 795 (E.D.N.Y. 1998) (The complaint is excessively long-winded and redundant. This wordiness is unjustified, given that there are only four defendants and a relatively straightforward scheme.); Woody v. Sterling Aluminum Products, Inc., 243 F. Supp. 755, 759 (E.D. Mo. 1965) (We find no justification for the unduly prolix, involved, repetitious and confusing nature of the pleading.)

4. Amendment of the Complaint Would be Futile

The four additional counts in the proposed amended complaint are barred by sovereign immunity and do not state a cause of action. Thus, even under the more generous standard of Rule 15, the motion to amend the complaint must be denied. The crux of plaintiffs' original complaint, as well as their proposed amended complaint, is that defendants violated NEPA, for which they seek judicial review. However, the proposed amended complaint also alleges three counts of bad faith and one count of "predetermination of result".

It is axiomatic that the sovereign is immune from suit, save as it consents to be sued, and the terms of its consent to be sued in any court define the limits of that court's jurisdiction to entertain the suit. United States v. Sherwood, 312 U.S. 584, 586 (1941) (Tucker Act waiver); Murphy v. United States, 45 F.3d at 522 (tax refund suit). A waiver of sovereign immunity must be clear and unequivocal, and its terms are to be strictly construed in favor of the sovereign. United States v. Nordic Village, Inc., 503 U.S. 30, 33-34 (1992); Lehman v. Nakshian, 453 U.S. 156, 160-62 (1981); Murphy, 45 F.3d at 522. Plaintiff bears the burden of establishing the

existence of a waiver of immunity. Midwest Knitting Mills, Inc. v. United States, 741 F. Supp. 1345, 1353 (E.D. Wisc. 1990). The Federal government has not waived sovereign immunity for either bad faith or predetermination of result, and plaintiffs have not established any such waiver. Moreover, there is no cause of action for "predetermination of result". It simply does not exist. Nor is there a separate cause of action for "bad faith", in the context of NEPA. The proposed amendments to the complaint, therefore would be futile and should not be allowed. Hatch v. Department for Children, Youth and Their Families, 274 F.3d 12, 19 ( 1st Cir. 2001) ("Where an amendment would be futile or would serve no legitimate purpose, the district court should not needlessly prolong matters.").

What plaintiffs are actually asserting in their three "bad faith" causes of action, and their "predetermination of result" cause of action, are grounds for the Court to look beyond the administrative record. See, e.g., Waltham v. United States Postal Service, 786 F. Supp. 105, 117 (D. Mass. 1992) (The court is justified in looking past the administrative record when bad faith is claimed). This is borne out by plaintiffs' supporting memorandum: "The second through fifth claims may also permit the Court greater latitude to consider evidence not now formally part of the Administrative Record ... plaintiffs contend that the Administrative Record is materially incomplete. Plaintiffs maintain that many of the documents that plaintiffs obtained from the federal agency defendants through their FOIA requests, as well as other documents that plaintiffs obtained from third parties, should have been included in the Administrative Record." Pls' Memo at 5-6. Of course, the time to supplement the record, based on bad faith or any other ground, has come and gone.

WHEREFORE, the motion to amend the complaint should be denied.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

ROBIN E. FEDER
Assistant U.S. Attorney
Chief, Civil Division
Fleet Center
50 Kennedy Plaza, 8th floor
Providence, RI 02903
(401) 709-5000
(401) 709-5017 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of March 2005, I caused a copy of the foregoing to be forwarded, by postage prepaid mail, to :

J. William W. Harsch, Esq.
170 Westminster Street, Suite 800
Providence, RI 02903

Joseph Avanzato, Esq.
Kristen W. Sherman, Esq.
ADLER POLLOCK & SHEEHAN, P.C.
2300 Financial Plaza
Providence, RI 02903-2443

Beverly E. Ledbetter, Esq.
General Counsel
Office of the General Counsel
Brown University
110 South Main Street
Providence, RI