**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| WILLIAM G. TOURET, THOMAS A. BENNETT, WILLIAM G. BLACK, EILEEN F. ROSENGERG-BLACK, ANTIONETTE BREED ALLYN COPP, RONALD A. DWIGHT, G. DALE DULGARIAN, as he is Trustee for KSD TRUST, VIRGINIA G. RIGGS, MATTHEW L. SHILLING, YVONNE G. SHILLING, and COLLEGE HILL NEIGHBORHOOD ASSOCIATION, Plaintiffs | ) | |
| v. | ) | C.A. No. 04-198T |
| NATIONAL AERONAUTICS AND SPACE ADMINISTRATION; DEPARTMENT OF ENERGY and BROWN UNIVERSITY, Defendants. | ) | |

**DEFENDANT BROWN UNIVERSITY'S OPPOSITION TO PLAINTIFFS' MOTION TO FILE AMENDED COMPLAINT**

Defendant Brown University ("Brown") hereby opposes Plaintiffs' Motion to File Amended Complaint in this case. As more fully detailed in the accompanying Memorandum of Law, allowing Plaintiffs to amend for the purpose of filing their proposed Amended Complaint for Declaratory and Injunctive Relief ("Amended Complaint") is contrary to the letter and spirit of Fed. R. Civ. P. 15(a). Plaintiffs' proposed new causes of action fail to state a claim upon which relief may be granted. It follows that allowing such an amendment would be futile and could serve no purpose but to force Defendants to incur unnecessary time and expense. In addition, permitting Plaintiffs to create causes of action to circumvent the applicable standard of review and the "record rule" applicable in this case would prejudice Defendants and undermine the interests of justice.

35

Therefore, Brown respectfully requests that Plaintiffs' Motion to File Amended Complaint be denied.

Respectfully submitted,

JOSEPH AVANZATO (#4774)
KRISTEN W. SHERMAN (#5595)
ADLER POLLOCK & SHEEHAN P.C.
2300 Financial Plaza
Providence, RI 02903-2443
Tel. (401) 274-7200
Fax (401) 351-4607

and

BEVERLY E. LEDBETTER, ESQ. (#2208)
General Counsel
Office of the General Counsel
Brown University
110 South Main Street
Providence, RI
Tel: (401) 863-9900
Fax: (401) 863-1199

Attorneys for Defendant Brown University

Dated: March 14, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the within was hand delivered on this 14th day of March, 2005, to J. William Harsch, Esq., 170 Westminster Street, Suite 800, Providence, Rhode Island and Robin Feder, Esq., United States Attorney's Office, District of Rhode Island, Fleet Center, 50 Kennedy Plaza, 8th Floor, Providence, RI 02903 and William G. Touret, 11 South Angell Street #264, Providence, Rhode Island 02906.

327106_1.DOC

**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| WILLIAM G. TOURET, THOMAS A. BENNETT, WILLIAM G. BLACK, EILEEN F. ROSENGERG-BLACK, ANTIONETTE BREED ALLYN COPP, RONALD A. DWIGHT, G. DALE DULGARIAN, as he is Trustee for KSD TRUST, VIRGINIA G. RIGGS, MATTHEW L. SHILLING, YVONNE G. SHILLING, and COLLEGE HILL NEIGHBORHOOD ASSOCIATION, | ) | |
| Plaintiffs | ) | |
| v. | ) | C.A. No. 04-198T |
| NATIONAL AERONAUTICS AND SPACE ADMINISTRATION; DEPARTMENT OF ENERGY and BROWN UNIVERSITY, | ) | |
| Defendants. | ) | |

**DEFENDANT BROWN UNIVERSITY'S MEMORANDUM OF LAW IN SUPPORT OF ITS OPPOSITION TO PLAINTIFFS' MOTION TO FILE AMENDED COMPLAINT**

Defendant Brown University ("Brown") submits this Memorandum of Law in support of its concurrently filed Opposition to Plaintiffs' Motion to File Amended Complaint. Notwithstanding the proposed addition of 28 pages, 146 paragraphs and four counts, the proposed Amended Complaint for Declaratory and Injunctive Relief ("Amended Complaint") is no more than an expansion of Plaintiffs' original NEPA appeal. Indeed, Plaintiffs concede that the "Amended Complaint restates and expands the single claim in the original complaint for violations of NEPA."[1] Even the most cursory review of the Amended Complaint demonstrates that the proposed additions in Counts II through V do no more than argue the claim in Count I that the NEPA review conducted by the National Aeronautics and Space Administration

---

1 Plaintiffs' Memorandum in Support of Motion to File Amended Complaint ("Plaintiffs' Mem.") at p. 3.

("NASA") and the Department of Energy ("DOE") (collectively, the "Federal Defendants") was deficient.

In addition to the fact that the "new" allegations and claims are a mere extension of Plaintiffs' NEPA claim in Count I, this Court should not permit Plaintiffs to file the proposed Amended Complaint for several other reasons. As set forth in Part I below, the proposed amendments should be denied in the first instance on the basis of futility. Furthermore, as detailed in Section II below, it would be unduly prejudicial to allow Plaintiffs to add non-existent common law claims so as to obtain a more forgiving standard of review and get before the Court new and additional documents outside of the administrative record.[2]

## LEGAL ARGUMENT

### I. THIS COURT SHOULD DENY PLAINTIFFS' REQUEST TO AMEND BECAUSE THE PROPOSED AMENDMENTS WOULD BE FUTILE

Although Rule 15(a) provides that leave to amend shall be "freely" given, it is only when "justice so requires." Fed. R. Civ. P. 15(a). For example, a motion to amend may be denied based on "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U. S. 178, 182 (1962). At this stage of the case, a motion to amend should be denied as futile if the proposed amended complaint could withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Hatch v. Department for Children, Youth and Their Families, 274 F.3d 12, 19 (1st Cir. 2001).

Plaintiffs' proposed Counts II through V could not withstand a motion to dismiss, so it would be futile to allow them to be added to the complaint. With respect to Count II of the proposed Amended Complaint, Plaintiffs do not cite and Brown could not locate any legal authority

[2] Plaintiffs' Mem. at pp. 5-6.

establishing an independent cause of action for "bad faith." Indeed, Brown submits that, outside the insurance context and aside from the existence of an implied duty of good faith and fair dealing in contracts, "bad faith" does not give rise to an independent cause of action and this Court should be reluctant to create one.

Read most liberally, Plaintiffs' proposed Count II sounds in the nature of common law fraud, but it is deficient on its face. The elements of a fraud claim are: (1) the defendant knowingly makes a false representation; (2) intending to induce the plaintiff to rely thereon; (3) the plaintiff justifiably relies on it; and (4) the plaintiff is damaged by its reliance. See Cliftex Clothing Co., Inc. v. DiSanto, 88 R.I. 338, 344, 148 A.2d 273, 275 (1959). Under Fed. R. Civ. P. 9(b), these elements must be alleged with particularity.

Count II of the proposed Amended Complaint fails to state a claim for fraud, let alone allege fraud with any particularity. With respect to the alleged false statements, Plaintiffs claim that Defendants made false statements regarding the RWDI Report in the draft and final EA with the intent and the effect that "third parties" relied on them. Amended Complaint at ¶¶ 153-54. However, under Rhode Island Supreme Court precedent, the alleged representation needs to have been made to and relied upon by the plaintiff. See Cliftex, 88 R.I. at 344, 148 A.2d at 276.[3] It is not sufficient that the statements be made to third parties. Thus, Count II fails to state a claim.

Similarly, Count II does not adequately allege justifiable reliance. To the extent that Plaintiffs base their claim on statements in draft documents, Brown submits that such reliance is not justifiable. However, more troubling is the fact that Plaintiffs do not allege that they relied on the statements. Rather, they allege that "third parties" relied on the misstatements. Amended

---

[3] While the Rhode Island Superior Court in Fleet Financial acknowledged indirect reliance, that decision should not be considered controlling or persuasive. Rhode Island Depositors Economic Protection Corp. v. Fleet Financial Group, Inc., 1998 WL 773672, at *4 (R.I. Super. 1998). The decision in Cliftex remains good law and is in accordance with the decisions of this Court. See Forcier v. Cardello, 173 B.R. 973, 988 (D.R.I. 1994).

Complaint at ¶ 155. Moreover, the Amended Complaint is bereft of any details regarding what Plaintiffs or third parties did or failed to do in alleged reliance on the alleged misrepresentations.

Lastly, Count II des not adequately allege the requisite damage. Plaintiffs state in a cursory manner that they have been damaged by the misrepresentations, but there are no allegations regarding what the alleged damages are (i.e., monetary or otherwise). Based on these deficiencies in the fraud allegations detailed above, it would be futile to allow Plaintiffs to add

Count II.

Counts III through V also fail to state a claim such that it would be futile to allow their addition. While Plaintiffs' "bad faith" claim in Count II may resemble a legitimate cause of action, Plaintiffs' third, fourth and fifth claims for "bad faith" and "predetermination of result" are not recognized causes of action.[4] Again, Plaintiffs cite no legal authority, and Brown could find none, to support the assertion that these are stand-alone causes of action. Therefore, it would be futile to allow Plaintiffs to amend to add these counts because they fail to state a claim.

It would further be futile and unnecessary to allow Plaintiffs to add 28 pages and 146 paragraphs simply to elaborate on their original NEPA claim in Count I. It is far from clear that (as Plaintiffs suggest) this Court needs "greater specificity and document support" to conduct its review of the record.[5] Indeed, consistent with the concept of "notice pleading" embodied in Fed. R. Civ. P. 8(a), Plaintiffs do not need to amend the original complaint to be able to argue their points. On the contrary, provided that the information and documents that they cite are part of the administrative record, Plaintiffs could simply present the information through legal memoranda submitted to this Court. It follows that allowing Plaintiffs to add the proposed factual allegations by way of

---

[4] The Davis and Washington County cases cited by Plaintiffs do not stand for the propositions that "predetermination of result" is a separate cause of action. While "predetermination of result" was alleged in each case, it was not offered as its own cause of action, but rather evaluated under the NEPA framework. Davis v. Mineta, 302 F.3d 1104, 1111-12 (10th Cir. 2002); Washington County, N.C. v. U.S. Dept. of Navy, 2005 WL 407783, at *10-11 (E.D.N.C. 2005).

amendment can only serve to unnecessarily burden Defendants by forcing them to incur the additional cost and expense of preparing an amended answer. Based on the foregoing, it would be futile to allow Plaintiffs to file their proposed Amended Complaint.

## II. ALLOWING THE PROPOSED AMENDMENTS WOULD UNJUSTLY PREJUDICE DEFENDANTS BY ALLOWING PLAINTIFFS TO CIRCUMVENT THE GOVERNING STANDARD OF REVIEW AND THE "RECORD RULE"

At the same time that it is evident that the Amended Complaint is no more than a reformulation of Plaintiffs' NEPA claim in Count I, permitting Plaintiffs to add the proposed allegations and Counts II through V would wholly reconfigure the litigation to the significant detriment of Defendants. By their own admission, Plaintiffs want to add new counts for the purpose of gaining a more deferential standard of review than the exacting "arbitrary and capricious" standard applicable to NEPA cases. While Plaintiffs do not specify the standard of review that they would expect to apply to the new counts, one can surmise that it would be beneficial to Plaintiffs and detrimental to Defendants. Therefore, the addition of the new counts would fundamentally alter the standard of review.

Similarly, allowing Plaintiffs' Amended Complaint would significantly expand the scope of the materials upon which this Court could base its decision.[6] Again, Plaintiffs candidly admit that the "new" claims are designed to allow the Court to "consider evidence not now formally part of the Administrative Record."[7] However, this Court should not permit Plaintiffs to essentially redesign their complaint to run an end run around the "record rule" pursuant to which NEPA reviews are confined to the administrative record "that was before the agency at the time it made the decision in

---

[5] Plaintiffs' Mem. at p. 5.

[6] Plaintiffs' Mem. at p. 5. The asserted basis for seeking to expand the scope of this Court's review is that "the Administrative Record is materially incomplete" and there are documents that "should have been included in the Administrative Record." Id. at 6. While Plaintiffs claim that the record is materially incomplete, aside for the documents that were the subject of the recent stipulation, Plaintiffs has not brought to this Court's attention any documents that were either prepared or received by the Federal Defendants that are inexplicably not part of the certified record. Moreover, Plaintiffs have had their "one bite at the apple" and the Court denied Plaintiffs' motion to supplement.

issue"[8] and "not some new record made initially in the reviewing court."[9] As this Court has recognized, "if the Court starts adding things to the record and then reviewing the agency's action based on the expanded record, it defeats the entire purpose of the administrative review." [10] Therefore, it would be unjust to permit Plaintiffs to create claims so that they can rely on extra-record documents.[11]

Finally, from a litigation management perspective, allowing Plaintiffs to file their proposed Amended Complaint would result in certain confusion and delay for both the Court and Defendants. The Court would essentially have to bifurcate its substantive review of the NEPA and non-NEPA claims. As this Court has acknowledged, it would be required to review the NEPA claim (Count I) based only on the administrative record. In contrast, the Court could presumably consider extra-record information and documents in deciding Counts II through IV. Having become privy to the extra-record information and documents as part of the review of the non-NEPA claims, it would be difficult for the Court not to "import" that knowledge into its analysis of the NEPA claim.

Allowing Plaintiffs to add their proposed non-NEPA claims would also unduly delay a resolution on the merits. If allowed to add non-NEPA claims, Plaintiffs make clear that they want to present additional extra-record documents. If Plaintiffs are permitted to begin relying on documents outside the administrative record, Defendants should be permitted to do the same. It is foreseeable that one or both parties would seek written discovery and depositions in connection

---

[7] Id.

[8] Florida Power & Light Co. v. Lorion, 470 U.S. 729, 743 (1985); City of Waltham v. U.S. Postal Service, 786 F. Supp. 105, 116 (D. Mass. 1992). See Plaintiff's Memorandum at p. 5.

[9] Strahan v. Linnon, 966 F. Supp. 111, 114 (D. Mass. 1997) (quoting Camp v. Pitts, 411 U.S. 138, 142 (1973)).

[10] Transcript from Hearing on Plaintiffs' Motion to Supplement Record at p. 47.

[11] While the cases cited by Plaintiffs may support narrow exceptions to the "record rule" in limited circumstances not present here, Brown submits the cases do not support the proposition that a party can amend its pleadings to add non-NEPA "bad faith" claims for the purpose of presenting extra-record documents.

with Counts II through V. The result would be that the litigation, which could otherwise be disposed of expeditiously based on the record, would be delayed at great added cost to the parties.

## CONCLUSION

For the foregoing reasons, Brown respectfully requests that Plaintiffs' Motion to File Amended Complaint be denied.

Respectfully submitted,

JOSEPH AVANZATO (#4774)
KRISTEN W. SHERMAN (#5595)
ADLER POLLOCK & SHEEHAN P.C.
2300 Financial Plaza
Providence, RI 02903-2443
Tel. (401) 274-7200
Fax (401) 351-4607

and

BEVERLY E. LEDBETTER, ESQ. (#2208)
General Counsel
Office of the General Counsel
Brown University
110 South Main Street
Providence, RI
Tel: (401) 863-9900
Fax: (401) 863-1199

Attorneys for Defendant Brown University

Dated: March 14, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the within was hand delivered on this14th day of March, 2005, to J. William Harsch, Esq., 170 Westminster Street, Suite 800, Providence, Rhode Island and Robin Feder, Esq., United States Attorney's Office, District of Rhode Island, Fleet Center, 50 Kennedy Plaza, 8th Floor, Providence, RI 02903 and William G. Touret, 11 South Angell Street #264, Providence, Rhode Island 02906.

April M Fontaine

326153_1.DOC