**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| WILLIAM G. TOURET, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | CIVIL ACTION NO. 04-198T |
| NATIONAL AERONAUTICS AND SPACE ADMINISTRATION, et al., | ) | |
| Defendants. | ) | |

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO FILE AMENDED COMPLAINT**

Plaintiffs William G. Touret, et al., submit this reply memorandum in further support of their motion to file their proposed Amended Complaint. Defendant Brown University ("Brown") has served objections to plaintiffs' motion. Plaintiffs have not received objections from the federal agency defendants NASA and DOE.

Brown's first argument -- that the proposed Amended Complaint's Claims II through V do not state claims for relief because there are no independent causes of action for bad faith or predetermination of result (Brown Memorandum at pages 2-4) -- is meritless. Each of plaintiffs' four proposed new claims incorporates by reference the allegations of the proposed Amended Complaint's Claim I ("Violations of NEPA"), the sufficiency of which Brown does not challenge, and sets forth separate, specific allegations of bad faith (Claims II-IV) and predetermination (Claim V). Good faith on the part of a federal agency's decisionmaking under NEPA is presumed. See, e.g., Sierra Club v. Marsh, 976 F.2d 763, 769 (1st Cir. 1992). Allegations of an absence of good faith, not raised in every NEPA case, are thus typically

36

considered as independent matters. See, e.g., Davis v. Mineta, 302 F.3d 1104, 1112-13 (10th Cir. 2002) (agency ignored critical comments about environmental assessment and otherwise prejudged NEPA issues); Washington County, N.C. v. U.S. Dept. of Navy, __ F.Supp. __, No. CIV.A.2:04 CV 3BO(2), slip. op. at 9 (E.D.N.C. Feb. 18, 2005) (2005 WL 407783) (predetermination of result inconsistent with NEPA requirement of objective good faith).[1]

Brown next argues, incorrectly, that proposed Claim II is in substance a state law claim for fraud and is insufficient (Brown Memorandum, at pages 3-4). To the contrary, Claim II alleges *bad faith violations of NEPA*. Plaintiffs may well ultimately prove that defendants' alleged bad faith was so severe that it satisfies the pleading elements of fraud, but plaintiffs need not establish the elements of fraud to prove that defendants acted in *bad faith* under NEPA. Plaintiffs' proposed Claims II-V arise under NEPA; they are not state law claims.

Brown goes on to object that, as a result of the new claims in the proposed Amended Complaint, the Court might apply a less deferential standard of review than the traditional "arbitrary and capricious" standard (Brown Memorandum, at page 5). But Brown conspicuously avoids contending that, *taking the allegations of the proposed Amended Complaint as true for purposes of this motion*, as it must, the Court would be in error if it were to apply a less deferential standard. See, e.g., Davis v. Mineta, 302 F.3d at 1112 (applying less deferential standard of review).

Brown next asserts a premature and otherwise meritless objection to the proposed Amended Complaint, claiming that plaintiffs are attempting to "run an end run around the

---

1 Plaintiffs could have asserted all five claims as a single claim. Plaintiffs submit that any such single claim, however, would have been less clear to the Court and defendants than the

[administrative] 'record rule'" (Brown Memorandum, at page 5). As noted above, Brown does not challenge the accuracy of the factual allegations of the proposed Amended Complaint, nor could it for purposes of this motion. Taken as true for purposes of this motion, those allegations -- to the extent some are taken from documents and other sources not yet part of the Administrative Record or otherwise under consideration by the Court -- would warrant the Court's consideration of the non-record evidence supporting them, under established *exceptions* to the rule that judicial review of agency action is generally limited to consideration of the agency's administrative record. Brown contends that the details of the Administrative Record and other evidence that this Court may ultimately consider have been finally determined. Plaintiffs disagree; resolution of that issue is for another day.

Plaintiffs also disagree with Brown's assertion that allowing the proposed Amended Complaint would delay resolution of the merits of this case. Brown should not be heard to complain about delay that defendants' own inappropriate behavior, as is alleged in the proposed Amended Complaint, created. Furthermore, in light of the factual and legal complexity of this matter and the nature of plaintiffs' claims, Brown's objection to the length of the proposed Amended Complaint is also unpersuasive. The proposed Amended Complaint provides the Court and the parties with detailed yet efficient notice of the substance of plaintiffs' claims and will thereby serve to expedite their resolution.

The proposed Amended Complaint, in accordance with the requirements of Rule 11, is based on plaintiffs' ongoing review of post-filing documents included as part of the Administrative Record and obtained in response to plaintiffs' FOIA requests, as well as their

---

separate manner in which the claims are presently set forth.

review of documents obtained from additional sources. The policies underlying Rule 15(a) and the remedial purposes underlying NEPA accordingly support plaintiffs' amendment of their original complaint.

## CONCLUSION

For the reasons set forth above and in their initial memorandum, plaintiffs request that this Court allow the proposed Amended Complaint to be filed.

William G. Touret/Pro Se
11 South Angell Street #264
Providence, RI 02906-5206
Tel. (800) 345-0080
Fax (401) 831-5329

J. WILLIAM W. HARSCH/Bar No. 3688
170 Westminster Street, Suite 800
Providence, RI 02903
Tel. (401) 454-4466
Fax (401) 351-3914

Attorney for Plaintiffs Thomas A. Bennett, William G. Black, Eileen F. Rosenberg-Black, Antoinette Breed, Allyn Copp, Ronald A. Dwight, Pamela Hext Dwight, G. Dale Dulgarian, as he is Trustee for KSD Trust, Virginia G. Riggs, Yvonne G. Shilling, and College Hill Neighborhood Association

Dated: March 24, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that on the 24th day of March, 2005, I caused a copy of the foregoing to be hand-delivered to the following:

Robin E. Feder, Esq.
Assistant U.S. Attorney
Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, RI 02903

Joseph Avanzato, Esq.
Kristen W. Sherman, Esq.
ADLER POLLOCK & SHEEHAN, P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345

Beverly E. Ledbetter, Esq.
Vice President and General Counsel
Brown University
110 South Main Street
Providence, RI 02903

William G. Touret