UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| WILLIAM G. TOURET, et al., Plaintiffs, v. NATIONAL AERONAUTICS AND SPACE ADMINISTRATION, et al., Defendants. | CIVIL ACTION NO. 04-198T |

**PLAINTIFFS' SUPPLEMENTAL REPLY MEMORANDUM IN SUPPORT OF MOTION TO FILE AMENDED COMPLAINT**

Plaintiffs William G. Touret, et al., submit this supplemental reply memorandum in further support of their motion to file their proposed Amended Complaint. The federal agency defendants NASA and DOE served their objections late, after plaintiffs filed their initial reply on March 24, 2005 to the objections filed by defendant Brown University ("Brown").[1]

Like Brown, the federal agency defendants appear to concede that the proposed Amended Complaint's Claim I states a claim for relief under Fed.R.Civ.P. 12(b)(6). And since Claims II-V set forth additional substantive elements under NEPA that do not merely amplify Claim I, the proposed Amended Complaint is not, as the federal agency defendants assert, futile.

Next, NASA and DOE contend that the proposed Amended Complaint is "really a motion to supplement the [administrative] record" and is untimely (Memorandum at page 2). That

[1] The federal agency defendants filed their objections timely on March 14, but served the office of J. William W. Harsch late (on March 28) and never served plaintiff Touret at all (which their certificate of service confirms). Apart from our disagreement with the federal defendants' interpretation of the Federal Rules of Civil Procedure (discussed below), if the Rules were applied as sharply as the federal defendants urge, we question -- given their own violations of the

37

argument mischaracterizes the proposed Amended Complaint as well as the prior proceedings before this Court. At the November 17, 2004 hearing, the Court declined to allow plaintiffs to supplement the Administrative Record with two declarations (by S. David Graber and Eileen F. Rosenberg-Black), but stated that plaintiffs could resubmit them with a later dispositive motion (Hearing Transcript, at 50-51). We also do not understand the Court to have ruled that plaintiffs would not be permitted to make one or more motions later in the case to seek to add other materials to the Administrative Record or would not be permitted later to submit such non-record materials otherwise for the Court's consideration.

Furthermore, the only agreement that plaintiffs and defendants reached about further supplementing the Administrative Record concerned those documents that defendants would add *voluntarily*. Ultimately, defendants agreed *voluntarily* to allow only two documents to be added to the record. See attached Declaration of Peter L. Koff dated April 2, 2005.

NASA and DOE next assert that the proposed Amended Complaint refers to evidence that has been previously rejected by the Court. If the federal agency defendants are referring to the previously-submitted Graber and Rosenberg-Black declarations, we do not understand the Court -- as noted above -- to have rejected those declarations finally. Moreover, plaintiffs submitted certain of the same information set forth within those declarations, previously and in different form to defendants, during the June-July 2003 comment period (see, e.g., AR 106 at 0628-0629; AR 123 at 0903-0907) -- which the Court has not yet even addressed.

We also disagree that plaintiffs need demonstrate "good cause" as a precondition for the proposed amended pleading. But even if plaintiffs did need to show good cause, it is amply

---

Rules -- whether those defendants would have any standing to address the Court on this motion.

present. Examples include (1) the fact that defendants' produced the Administrative Record and voluminous FOIA documents *after* plaintiffs filed their original complaint; (2) plaintiffs have learned new material facts as a result of those two productions, including the material incompleteness of the Administrative Record;[2] (3) as a result of plaintiffs' continuing review of defendants' post-filing productions, plaintiffs have become aware of the increased significance of other documents they have obtained from third-party sources; (4) the Court's November 17, 2004 decision to at least defer supplementation of the Administrative Record with the Graber and Rosenberg-Black declarations and the reasons therefor; (5) Brown's seeming disclaimer, at the November 17, 2004 hearing, of the EA's "RWDI Report" (Hearing Transcript, at 33-36); and (6) the remedial purpose of the NEPA legislation. See also Fed.R.Civ.P. 1, 8(e), (f).

NASA and DOE also complain about the length of the proposed Amended Complaint. Their objection is surprising in light of the 74-page length (excluding referenced reports) of the Final EA itself here (AR 113 at 0714-0788). The CEQ regulations provide that environmental assessments are to be brief and concise. 40 C.F.R. § 1508.9(a)(1). The CEQ recommendations further provide that a lengthy environmental assessment *generally calls for the preparation of an*

---

[2] For example, there is (1) the January 31, 2001 federal grant application by Brown Professor Peter Shank, a principal planner of the proposed Life Sciences Building, in which he stated that air modeling *would be required* to determine whether emissions from the proposed Life Sciences Facility would increase the levels of ambient air pollution sources from existing or new sources (Proposed Amended Complaint ¶¶ 29-30). There is also (2) the later, July 2003 email message from Henry Huppert of Brown, in which he wrote -- echoing Professor Shank's January 31, 2001 comments -- that the Final EA could *not* state that emissions from the proposed Life Sciences Building would *not* increase the concentration of hazardous air emissions at ground level at the property line, *because defendants had not performed air modeling* (id. ¶¶ 129-130). Another example is (3) the April 29, 2003 email message by Peter Siebach of DOE, in which he expressed a lack of concern at the fact that a near-final draft of the EA failed to consider reasonable alternatives (id. ¶ 96); a core NEPA requirement. See 42 U.S.C. § 4332(2)(C)(iii); 40

*environmental impact statement*. See Sierra Club v. Marsh, 769 F.2d 870, 874 (1st Cir. 1985) (citing CEQ recommendation that environmental assessments should be limited to 10-15 pages).

## CONCLUSION

For the reasons set forth above and in their initial memorandum, plaintiffs request that this Court allow the proposed Amended Complaint to be filed.

Dated: April 5, 2005

William G. Touret/Pro Se
11 South Angell Street #264
Providence, RI 02906-5206
Tel. (800) 345-0080
Fax (401) 831-5329

J. WILLIAM W. HARSCH/Bar No. 3688
170 Westminster Street, Suite 800
Providence, RI 02903
Tel. (401) 454-4466
Fax (401) 351-3914

Attorney for Plaintiffs Thomas A. Bennett, William G. Black, Eileen F. Rosenberg-Black, Antoinette Breed, Allyn Copp, Ronald A. Dwight, Pamela Hext Dwight, G. Dale Dulgarian, as he is Trustee for KSD Trust, Virginia G. Riggs, Yvonne G. Shilling, and College Hill Neighborhood Association

---

CFR § 1502.14.

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of April, 2005, I caused a copy of the foregoing to be hand-delivered to the following:

Robin E. Feder, Esq.
Assistant U.S. Attorney
Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, RI 02903

Joseph Avanzato, Esq.
Kristen W. Sherman, Esq.
ADLER POLLOCK & SHEEHAN, P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345

Beverly E. Ledbetter, Esq.
Vice President and General Counsel
Brown University
110 South Main Street
Providence, RI 02903

William G. Touret