UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| WILLIAM G. TOURET, et al., Plaintiffs | : | |
| v. | : | C.A. No. 04-198T |
| NASA, et al., Defendants | : | |

**FEDERAL DEFENDANTS' OBJECTION TO MOTION TO EXTEND THE CLOSURE DATE**

Plaintiffs seek extension of the discovery closure date, but have not proposed any further discovery. The Pretrial Order specifies that "[a] motion for such an order shall identify the particular discovery sought, the reasons it is necessary, and the reasons why it was not done prior to the Closure Date." Pretrial Order, ¶ 2. As those conditions have not been met, the Federal defendants object to the motion, especially to the extent any further discovery might be sought by plaintiffs against the Federal defendants.

Plaintiffs' extension request appears to be based on the perceived need to resolve discovery disputes with defendant Brown and to complete a summary judgment motion prior to the discovery closure date. Declaration of William Touret (Touret Decl.), ¶¶ 5 -7. To the extent plaintiffs need to compel further disclosures from defendant Brown, the Pretrial Order allows such a motion to be filed after the closure date, and there is no need to extend the date. Pretrial order, ¶ 4.

As to plaintiffs' suggestion that they need additional time to finalize a summary judgment motion, the Federal defendants object for several reasons. First, the Pretrial order allows a motion to amend the Pretrial order (*e.g.*, to file a late dispositive motion) to be filed after the closure date, and there is no need to extend the closure date for this purpose. Second, plaintiffs have not conferred with the Court for the purpose of discussing the need for and utility of the proposed motion as required by the Pretrial Order. Pretrial order, ¶ 8. Third, plaintiffs' plan to

submit documents other than record evidence with their motion is inappropriate, unless the Court allows supplementation of the administrative record (over defendants' objections). See, Touret Decl., ¶¶ 5-7. Judicial review of the adequacy of an EA and FONSI prepared by a federal agency is governed by the Administrative Procedures Act (APA), 5 U.S.C. § 706. "The task of the reviewing court is to apply the appropriate APA standard of review, 5 U.S.C. § 706, to the agency decision based on the record the agency presents to the reviewing court." Friends of the Earth v. Hintz, 800 F.2d 822, 829 (9th Cir. 1986) (quoting Florida Power & Light Co., 470 U.S. at 743-44). See also South Shore Hospital Inc. v. Thompson, 308 F.3d 91, 97 (1st Cir. 2002) (This standard tightly circumscribes judicial review). Under the APA, a court is to review an agency's decision on the basis of the administrative record that was before the agency at the time the decision was made. Both the Supreme Court and the First Circuit have emphasized that "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." Camp v. Pitts, 411 U.S. 138, 142 (1973). See Florida Power & Light Co. v. Lorion, 470 U.S. 729, 743 (1985); Sierra Club v. Marsh, 976 F. 2d 763, 772 (1st Cir. 1992); Valley Citizens for a Safe Environment v. Aldridge, 886 F.2d 458, 460 (1st Cir. 1989); City of Waltham v. United States Postal Service, 786 F. Supp. 105, 115 (D. Mass. 1992), aff'd on appeal 11 F.3d 235 (1st Cir. 1993).

Courts are not to consider information "that was not available at the time the [agency] made its decision." Airport Cmty. Coalition v. Graves, 280 F. Supp.2d 1207, 1213 (W.D. Wash. 2003) (noting that consideration of "new information represents 'Monday morning quarterbacking.' If the court were to consider this new information in an arbitrary and capricious analysis, the court would effectively transform that analysis into *de novo* review, a level of review for which the court is not authorized."). See also Bradley v. Weinberger, 483 F.2d 410, 415 (1st Cir. 1973) ("It is a re-view, a second look at the same material, not a re-doing"); and

Harvard Pilgrim Health Care of New England v. Thompson, 318 F. Supp. 2d 1, 8 (D. R.I. 2004); nor is there any basis for submitting, through an extra-record declaration, material that "already exists in the record." Southwest Ctr. for Biological Diversity v. US Forest Service, 100 F.3d 1443, 1451 (9th Cir. 1996); South Shore Hospital Inc., 308 F.3d at 97.

On April 27, 2005, at the hearing on plaintiffs' motion to amend the complaint, the Court identified four narrow exceptions to record review on which discovery was to be allowed: (1) information that was made available to the agencies, but that did not become part of the record [so-called "secret information"]; (2) information that became available after the agencies made their decision and which would have affected the outcome of the decision; (3) information demonstrating that the agencies engaged in bad faith or other improper behavior that warrants supplementing the record; or (4) expert testimony needed to help the Court understand matters in the agency record or additional factual evidence to aid the Court's understanding. Apr. 27, 2005, Tr. at 7-9. See also, Harvard Pilgrim Health Care of New England, 318 F. Supp. 2d at 8; Sierra Club v. Marsh, 976 F. 2d at 771; Valley Citizens, 886 F.2d at 460; and Town of Norfolk v. United States Corps of Engineers, 968 F.2d 1438, 1458 (1st Cir. 1992). These exceptions are narrowly construed and plaintiffs bear the "heavy burden of showing that it is necessary to supplement the administrative record". Harvard Pilgrim Health Care, 318 F. Supp. 2d at 9. Plaintiffs have not yet made any such showing, nor, defendants suggest, can they. In their four months of discovery, which included 50 interrogatories, 138 requests for production of documents and 184 requests for admissions served on the Federal defendants (not to mention the voluminous discovery served on Brown University and the records depositions and 30(b)(6) depositions taken of two state agencies), plaintiffs have not uncovered any documents or information that fall into any of the exceptions to record review. In any event, filing a summary judgment before the issue of supplementation is resolved is not in accord with the Court's

anticipated order of the case and the motion should be denied. Apr. 27, 2005, Tr. at 12-13.

For all of the foregoing reasons, plaintiffs' motion to extend the closure date should be denied.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

ROBIN E. FEDER
Assistant U.S. Attorney
Fleet Center
50 Kennedy Plaza, 8th floor
Providence, RI 02903
(401) 709-5000
(401) 709-5017 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of September, 2005, I caused a copy of the foregoing to be forwarded, by postage prepaid mail, to :

J. William W. Harsch, Esq.
170 Westminster Street, Suite 800
Providence, RI 02903

William Touret, Esq.
11 South Angell Street, #264
Providence, RI 02906-5206

Joseph Avanzato, Esq.
Kristen W. Sherman, Esq.
ADLER POLLOCK & SHEEHAN, P.C.
2300 Financial Plaza
Providence, RI 02903-2443

Beverly E. Ledbetter, Esq.
General Counsel
Office of the General Counsel
Brown University
110 South Main Street
Providence, RI