**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| WILLIAM G. TOURET, THOMAS A. BENNETT, WILLIAM G. BLACK, EILEEN F. ROSENGERG-BLACK, ANTIONETTE BREED ALLYN COPP, RONALD A. DWIGHT, G. DALE DULGARIAN, as he is Trustee for KSD TRUST, VIRGINIA G. RIGGS, MATTHEW L. SHILLING, YVONNE G. SHILLING, and COLLEGE HILL NEIGHBORHOOD ASSOCIATION, Plaintiffs | : | |
| v. | : | C.A. No. 04-198T |
| NATIONAL AERONAUTICS AND SPACE ADMINISTRATION; DEPARTMENT OF ENERGY and BROWN UNIVERSITY, Defendants. | : | |

**DEFENDANT BROWN UNIVERSITY'S OPPOSITION TO PLAINTIFFS' MOTION TO EXTEND THE CLOSURE DATE FROM SEPTEMBER 1, 2005 TO SEPTEMBER 30, 2005**

Defendant Brown University hereby opposes Plaintiffs' Motion to Extend the Closure Date from September 1, 2005 to September 30, 2005. This opposition is based on the accompanying Memorandum of Law.

Respectfully submitted,

JOSEPH AVANZATO (#4774)
KRISTEN W. SHERMAN (#5595)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
Tel. (401) 274-7200
Fax (401) 351-4607

and

BEVERLY E. LEDBETTER, ESQ. (#2208)
General Counsel
Office of the General Counsel
Brown University
110 South Main Street
Providence, RI
Tel: (401) 863-9900
Fax: (401) 863-1199
Attorneys for Defendant Brown University

Dated: September 2, 2005

CERTIFICATE OF SERVICE

I hereby certify that a copy of the within was hand delivered on this 6th day of September, 2005, to J. William Harsch, Esq., 170 Westminster Street, Suite 800, Providence, Rhode Island and Robin Feder, Esq., United States Attorney's Office, District of Rhode Island, Fleet Center, 50 Kennedy Plaza, 8th Floor, Providence, RI 02903 and William G. Touret, 11 South Angell Street #264, Providence, Rhode Island 02906.

*344158_1.doc*

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| WILLIAM G. TOURET, THOMAS A. BENNETT, WILLIAM G. BLACK, EILEEN F. ROSENGERG-BLACK, ANTIONETTE BREED ALLYN COPP, RONALD A. DWIGHT, G. DALE DULGARIAN, as he is Trustee for KSD TRUST, VIRGINIA G. RIGGS, MATTHEW L. SHILLING, YVONNE G. SHILLING, and COLLEGE HILL NEIGHBORHOOD ASSOCIATION, Plaintiffs | : | |
| v. | : | C.A. No. 04-198T |
| NATIONAL AERONAUTICS AND SPACE ADMINISTRATION; DEPARTMENT OF ENERGY and BROWN UNIVERSITY, Defendants. | : | |

**DEFENDANT BROWN UNIVERSITY'S MEMORANDUM OF LAW IN SUPPORT OF ITS OPPOSITION TO PLAINTIFFS' MOTION TO EXTEND THE CLOSURE DATE FROM SEPTEMBER 1, 2005 TO SEPTEMBER 30, 2005**

Defendant Brown University submits this memorandum of law in support of its Opposition to Plaintiffs' Motion to Extend the Closure Date from September 1, 2005 to September 30, 2005 ("Motion to Extend").

**Preliminary Statement**

The instant dispute involves Plaintiffs' appeal under the federal Administrative Procedures Act, 5 U.S.C. § 706 *et seq.* ("APA"), from the decision of the National Aeronautics and Space Administration ("NASA") and Department of Energy ("DOE") not to perform an Environmental Impact Statement ("EIS") for the proposed Life Sciences Building at Brown University. As the Court has acknowledged repeatedly in this case, the general rule is that, under the "record rule," judicial review is based on and limited to the administrative record that was before the agencies

below. However, in four general circumstances identified by the Court at the April 27, 2005 hearing on Plaintiffs' motion to amend, the Court may allow one or more parties to supplement the administrative record.

For the past four months, Plaintiffs in this action have been allowed to propound discovery requests to Brown University, NASA and DOE on the limited issue of whether any of the four exceptions enumerated by the Court would apply to permit Plaintiffs in this case to supplement the administrative record. At no time has the Court permitted Plaintiffs to conduct discovery on any other issue. Indeed, this Court made clear at the April 27, 2005 hearing on Plaintiffs' motion to amend that discovery would be "limited and the parameters of the discovery should be based on whether or not any of [the] exceptions apply." Transcript of April 27, 2009 Hearing ("Transcript") at p. 16. In the Court's May 4, 2005 Pretrial Order, the Court set a closure date of September 1, 2005 for that discovery.

It has been and remains Brown University's understanding that, following the four-month discovery period allowed by the Court, Plaintiffs would decide whether they would move to supplement the administrative record based on one or more of the exceptions to the "record rule." Brown University anticipated that, following the discovery period, Plaintiffs would file a motion to supplement the administrative record, Defendants would have an ability to oppose any such motion, and the Court would rule on the issue of supplementing the administrative record. Then, and only then, would the parties move forward, based on the administrative record (whether supplemented or not), to submit their memoranda of law on the ultimate issue of whether to uphold the decision of NASA and the DOE not to require an EIS for the proposed Life Sciences Building at Brown University.

Plaintiffs have taken full advantage of the generous four-month period to seek discovery from Defendants. Plaintiffs served and Defendants have answered or otherwise responded to

Plaintiffs' interrogatories, requests for production and requests for admissions. In addition, Plaintiffs have taken two days of non-party depositions from the Rhode Island Department of Environmental Management and the Rhode Island Historic Preservation and Heritage Commission. Nevertheless, Plaintiffs claim that they need yet another 30 days for discovery because (1) Brown University's document production was allegedly delayed; (2) there remain outstanding discovery disputes between the parties; and (3) Plaintiffs need time to confirm facts from an individual so as to finalize their motion for summary judgment.

As set forth below, none of the reasons proffered by the Plaintiffs justifies extending discovery on the issue of whether to supplement the administrative record. Therefore, this Court should deny the Motion to Extend. Furthermore, to avoid any confusion, Brown University requests the Court to issue an Order setting forth a briefing schedule for resolving the issue of whether Plaintiffs should be allowed to supplement the administrative record. Once the issue of supplementation has been resolved, the record will be finalized and the parties could efficiently proceed with briefing on the merits.

## LEGAL ARGUMENT

### I. BROWN UNIVERSITY DID NOT DELAY ITS DOCUMENT PRODUCTION

Plaintiffs' assertion that their need for additional time is caused by Brown University's delay is belied by the facts. Brown University did not delay its production of documents to Plaintiffs. On May 19, 2005, Plaintiffs served document requests and interrogatories on Brown University. Thereafter, Plaintiffs agreed to extend the deadline for Brown University (and NASA and DOE) to serve responses and objections to Plaintiffs' First Set of Interrogatories and First Request to Defendant Brown University to Produce Documents.[1] On July 22, 2005, Brown University served

[1] Brown University extended the same courtesy of an extension to Plaintiffs.

Plaintiffs with its responses and objections to both the interrogatories and document requests. Consistent with Fed. R. Civ. P. 34, Brown University responded to Plaintiffs' document requests that it would make available any "non-objectionable responsive documents for inspection and copying at a time mutually convenient to Plaintiffs and Brown University." See Comment to Fed. R. Civ. P 34 (The answering party shall object or "shall state that inspection will be permitted . . . ."). In accordance with its responses, Brown University produced more than 2,000 pages of documents to Plaintiffs on August 23, 2005.

Plaintiffs' attempt to characterize Brown University's response as inadequate and untimely should be rejected for several reasons. First, it was Plaintiffs who set the stage for producing documents separate from the written responses. In their June 20, 2005 responses to Brown University's discovery requests, Plaintiffs stated that "inspection of said documents will be permitted . . . at a mutually agreeable date and time." Plaintiffs cannot now reasonably fault Brown University for not producing documents with its responses and objections on July 22, 2005.

Second, Plaintiffs should not be heard to complain that Brown University's document production was "delayed by approximately 30 days." Declaration of William G. Touret ("Declaration") at ¶ 3. On the contrary, Brown University's production was comparatively more timely than that of the Plaintiffs. Brown University produced its documents to Plaintiffs a mere 6 days after Plaintiffs produced their documents to Brown University, even though Plaintiffs' requests to produce were served 13 days after Brown University served its requests. Similarly, while it took Plaintiffs 103 days from the date they were served with requests to produce their documents, Brown University produced its documents within 96 days after being served. Therefore, Plaintiffs' attempt to base their request for additional time on some purported delay by Brown University is contradicted by the facts.

## II. NO EXTENSION IS NECESSARY BECAUSE THE PRETRIAL ORDER DOES NOT REQUIRE MOTIONS TO COMPEL TO BE FILED BEFORE THE DISCOVERY CLOSURE DATE

Plaintiffs also do not need this Court to enlarge the discovery period for them to resolve any outstanding discovery disputes with Brown University. Declaration at ¶ 6. While it is clear that the parties have a disagreement with respect to a number of Plaintiffs' discovery requests, that disagreement does not necessitate an enlargement of time. The plain language of Paragraph 4 of the Pretrial Order in this case allows for motions to compel to be filed after the discovery closure date. ("No motion, *other than . . . a motion to compel compliance with a discovery request made prior to the Closure Date*, may be filed after the Closure Date . . . .") (emphasis added). Therefore, if the parties cannot resolve their disputes over discovery, Plaintiffs are free to seek relief from this Court after the September 1, 2005 discovery closure date.

## III. PLAINTIFFS SHOULD NOT BE ALLOWED MORE TIME TO PREPARE A MOTION FOR SUMMARY JUDGMENT BECAUSE SUMMARY JUDGMENT IS PREMATURE

Finally, and perhaps most importantly, Plaintiffs should not be granted an enlargement of time to prepare their "motion for summary judgment." Declaration at ¶ 7.[2] Until the Court decides the issue of supplementation of the administrative record, it would be impractical to brief, let alone decide, the case on the merits. Without certitude as to the contents of the administrative record, any analysis of, and briefing on, whether the record and the law render the decision of the federal agencies "arbitrary and capricious" would be confused, inefficient and impractical. As this Court

---

[2] Brown University submits that "summary judgment" is a misnomer and that the summary judgment standard would not apply in an APA appeal. By its very terms, summary judgment contemplates that there may be issues of material fact in dispute that would have to be resolved at trial. However, under the APA, an administrative appeal (like this case) does not involve disputed facts, let alone a trial. Rather, as this Court has repeatedly acknowledged, judicial review is "based on a review of the record" to determine "whether the record shows that the agency acted in an arbitrary and capricious manner." Transcript at p. 6. Accordingly, this Court would not determine whether any material facts are in dispute, but whether, based on the administrative record and the applicable law, the agencies' decision was "arbitrary and capricious."

has repeatedly stated, judicial review is "based on a review of the record" to determine "whether the record shows that the agency acted in an arbitrary and capricious manner." Transcript at p. 6. It follows that the contents of the administrative record must be set before the parties address, and the Court decides, the merits:

> [I]f the plaintiffs feel that there is something that fits into one of those four categories or any other exception that I haven't identified that has been established, then we'll have an evidentiary hearing to decide whether the requirements of fitting into those exceptions have been satisfied. *If not, then we will proceed on the basis of reviewing the record as it exists.*

Transcript at p. 9 (emphasis added).

Resolving the issue of supplementation before proceeding to the merits is particularly important where, as here, Plaintiffs propose extensive supplementation of the administrative record. Indeed, Plaintiffs' answers to interrogatories indicate that Plaintiffs seek to add approximately 35 categories of documents to the administrative record. See Plaintiff William G. Touret's Responses and Objections to Defendant Brown University's First Set of Interrogatories at Response No. 4; Plaintiff William G. Touret's Supplemental Responses and Objections to Defendant Brown University's First Set of Interrogatories at Supplemental Response to Interrogatory No. 4; Plaintiff William G. Touret's Second Supplemental Responses and Objections to Defendant Brown University's First Set of Interrogatories at Second Supplemental Response to Interrogatory No. 4. Among the materials proposed to be added are documents relating to Plaintiffs proposed "experts."[3] Because of the volume of the materials that Plaintiffs proffer, Brown University expects that there

---

[3] Brown University, in an effort to minimize the cost and time expended by all parties, has purposefully refrained from deposing the "experts" identified by Plaintiffs until the Court decides whether Plaintiffs can supplement the administrative record with the proffered expert materials. It would be inefficient and wasteful to depose the "experts" if the Court ultimately determines that, as Brown University submits, their testimony should not be included in the administrative record. If the Court ultimately permits Plaintiffs to supplement the administrative record with the proffered "expert" testimony, Brown University (and presumably NASA and DOE) would seek to take the depositions of those "experts."

would be a need for memoranda from the parties and a hearing before the Court to resolve the issue of supplementation. Attempting to address the merits of the case prior to resolving the issue of supplementation would unnecessarily complicate the process.

## CONCLUSION

Accordingly, Brown University respectfully requests the Court to deny Plaintiffs' Motion to Extend and to enter an Order directing the parties to file any motion to supplement the record by a date certain. Brown University further requests that after the Court rules on any motion to supplement, the Court then set a schedule for the parties to brief the case on the merits.

Respectfully submitted,

JOSEPH AVANZATO (#4774)
KRISTEN W. SHERMAN (#5595)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
Tel. (401) 274-7200
Fax (401) 351-4607

and

BEVERLY E. LEDBETTER, ESQ. (#2208)
General Counsel
Office of the General Counsel
Brown University
110 South Main Street
Providence, RI
Tel: (401) 863-9900
Fax: (401) 863-1199
Attorneys for Defendant Brown University

Dated: September 6, 2005

CERTIFICATE OF SERVICE

I hereby certify that a copy of the within was hand delivered on this 6th day of September, 2005, to J. William Harsch, Esq., 170 Westminster Street, Suite 800, Providence, Rhode Island and Robin Feder, Esq., United States Attorney's Office, District of Rhode Island, Fleet Center, 50 Kennedy Plaza, 8th Floor, Providence, RI 02903 and William G. Touret, 11 South Angell Street #264, Providence, Rhode Island 02906.

______________________________

*344083_1.DOC*