**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| WILLIAM G. TOURET, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL AERONAUTICS AND SPACE ADMINISTRATION, et al.,<br><br>Defendants. | CIVIL ACTION NO. 04-198T |

**PLAINTIFFS' REPLY TO THE FEDERAL AGENCY DEFENDANTS' OBJECTIONS TO PLAINTIFFS' MOTION TO EXTEND THE CLOSURE DATE**

In moving to extend the Closure Date, plaintiffs offered several related reasons in support. We advised the Court that we were unable to complete the required statement of undisputed facts on our motion for summary judgment prior to the September 1, 2005 Closure Date, by reason of (a) Brown's delay of approximately 30 days in producing a large number of documents to plaintiffs; (b) Brown's objections to and refusal to answer most of plaintiffs' first set of requests for admissions, and our need to resolve those objections; and (c) our inability to contact a previously-unavailable non-party to obtain information needed to finalize anticipated expert testimony that will support our summary judgment motion.

Since submitting our moving papers on this motion, we have successfully contacted the unavailable non-party and have reviewed Brown's late document production. The remaining matters are thus our unresolved differences with Brown about our requests for admissions.[1]

[1] In the interest of saving time, we are challenging only a very small number of the numerous objections to our discovery requests that we would otherwise contest.

We agree with the federal agency defendants' suggestion that, under the terms of the Court's May 5, 2004 pretrial order, outstanding discovery issues could be resolved by means other than extending the Closure Date. The Court's May 4, 2005 pretrial order permits discovery enforcement motions after the Closure Date and permits applications to the Court for leave to conduct additional discovery.

Here, however, we submit that the most important issue is resolving the remaining discovery disputes in the most expeditious and efficient manner from a time standpoint, so as not to delay unduly the submission of plaintiffs' motion for summary judgment and the ultimate resolution of this action. The requested extension of the Closure Date would permit plaintiffs to take one or more very short depositions from Brown to establish certain of the facts we have requested Brown to admit and to which Brown has asserted objections. Most of the requests for admissions at issue here concern what we believe are factually baseless assertions that Brown has raised that are in the nature of defenses, and which relate to Brown's failure to provide material information to the public about potentially significant environmental impacts from the Life Sciences Building at issue, prior to the issuance of the June 2, 2003 draft of the Environmental Assessment at issue in this action.

To offer one example, for reasons that escape us Brown continues to refuse to admit that it received a July 30, 2002 letter from the undersigned that requested information relating to possible environmental impacts from the Life Sciences Building. Brown also refuses to admit that the undersigned met with two Brown representatives, by invitation as a result of the July 30, 2002 letter-request, and that at that meeting Brown's representatives declined to provide the requested information. Yet at the same time, Brown has produced a document that in part summarizes the meeting in question at which Brown's representatives declined to provide the

requested information. Our requests to Brown to admit that it received the July 30, 2002 letter and did *not* provide the requested information relate principally to plaintiffs' claim that defendants acted in bad faith in their refusal to permit meaningful public participation in the NEPA review.

Continuing with the above example, an extension of the Closure Date would permit plaintiffs the opportunity to take one or more short depositions of Brown personnel to quickly confirm the facts that we asked Brown to admit: that, in the above example, Brown received the July 30, 2002 letter, that the later meeting occurred, and that Brown's representatives declined to produce the requested information. With the period of discovery open, plaintiffs would also have the flexibility to be able to request documents from Brown that would support any (unlikely) contention by Brown that the facts requested to be admitted did not in fact occur.

Such one or more very short depositions would likely not interfere significantly with the finalization of our motion for summary judgment. The alternatives of seeking an order compelling Brown to answer the requests for admissions, or seeking an order to permit additional discovery, would require far more preparation time than one or more very short depositions and would thus likely result in a greater delay in our submission of plaintiffs' motion for summary judgment as well as the ultimate resolution of this action.

We hasten to add that we would welcome the alternative of a conference to discuss with the Court the matter of plaintiffs' remaining discovery disputes with Brown, with the hope that those disputes could be resolved informally at such a conference without the need for even the very short depositions we have suggested here. We have no desire to take the one or more very short additional depositions we describe here, but for the fact that the alternative of engaging in

time consuming motion practice at this stage is less attractive and would likely prove far less efficient.

In their objections, the federal agency defendants go on to make an assertion that causes us to wonder whether we are addressing the same case. The federal agency defendants state on page 3 of their objections that, in the course of our limited discovery, "plaintiffs have not uncovered any documents or information that fall into any of the exceptions to record review." Suffice it to say here that we could not disagree more. We should add that, to our knowledge, counsel for the federal agency defendants has yet to review *any* of the documents produced in the limited discovery to date between plaintiffs and Brown -- excluding those produced by third parties.

We also disagree with the federal agency defendants' assertion (objections at page 4) that "filing a summary judgment [motion] before the issue of supplementation is resolved is not in accord with the Court's anticipated order of the case." We look forward to discussing that issue, and others, at the conference that we requested in our letter to the Court dated August 31, 2005.[2]

Dated: September 6, 2005

William G. Touret/Pro Se
11 South Angell Street #264
Providence, RI 02906-5206
Tel. (800) 345-0080
Fax (401) 831-5329

J. WILLIAM W. HARSCH/Bar No. 3688
170 Westminster Street, Suite 800
Providence, RI 02903

2 In the event that the Court's granting of this motion would not provide sufficient time to complete the deposition(s) proposed, plaintiffs request an additional two-week extension of the Closure Date.

Tel. (401) 454-4466
Fax (401) 351-3914

Attorney for Plaintiffs Thomas A. Bennett, William G. Black, Eileen F. Rosenberg-Black, Antoinette Breed, Allyn Copp, Ronald A. Dwight, Pamela Hext Dwight, G. Dale Dulgarian, as he is Trustee for KSD Trust, Virginia G. Riggs, Yvonne G. Shilling, and College Hill Neighborhood Association

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of September, 2005, I caused a copy of the foregoing to be hand-delivered to the following:

Robin E. Feder, Esq.
Assistant U.S. Attorney
Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, RI 02903

Joseph Avanzato, Esq.
Kristen W. Sherman, Esq.
ADLER POLLOCK & SHEEHAN, P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345

Beverly E. Ledbetter, Esq.
Vice President and General Counsel
Brown University
110 South Main Street
Providence, RI 02903

William G. Touret