**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| WILLIAM G. TOURET, et al., Plaintiffs, v. NATIONAL AERONAUTICS AND SPACE ADMINISTRATION, et al., Defendants. | ) | CIVIL ACTION NO. 04-198T |

**PLAINTIFFS' SUPPLEMENTAL REPLY TO DEFENDANT BROWN UNIVERSITY'S OBJECTIONS TO PLAINTIFFS' MOTION TO EXTEND THE CLOSURE DATE**

Plaintiffs previously submitted a reply to the objections by the federal agency defendants to plaintiffs' motion to extend the Closure Date. We submit this supplemental reply to the later-served objections by defendant Brown University ("Brown"), to the extent that those objections were not included in the objections by federal agency defendants.

I. Judicial Economy Would be Served By the Court's Scheduling an Evidentiary Hearing After Plaintiffs' Motion for Summary Judgment is Fully Briefed

We disagree with Brown's contention that the Court should conduct an evidentiary hearing before considering plaintiffs' motion for summary judgment. We submit that the Court will be in a better position to consider which extra-record evidence should be made part of the Administrative Record, or should otherwise be considered by the Court on the motion, once it has reviewed the motion when it is fully briefed. Having before it the fully-briefed motion will ensure that the Court has the most complete and comprehensive legal and factual context for making the necessary evidentiary determinations.

Furthermore, if an evidentiary hearing were conducted prior to submission of the motion for summary judgment, the Court might well, in effect, have to consider what would likely amount to two presentations of the merits of the motion -- one in the course of the evidentiary hearing and one on the motion for summary judgment. In our view, such repetition would be less efficient, would not further the goal of judicial economy, and would likely further delay the ultimate resolution of this action.[1]

II. Brown's Document Production was Overdue Without Justification

Brown claims incorrectly that it did not delay its document production to plaintiffs, and in so doing misstates and omits several material facts. We address this point briefly to set the record straight.

Brown's counsel omits to mention that they never asked to review the documents requested by Brown of plaintiffs, and which plaintiffs timely made available (and advised Brown's counsel were available) for inspection and copying on June 20, 2005 -- until plaintiffs' counsel asked to inspect Brown's documents on July 25, 2005. When plaintiffs asked to inspect Brown's documents on July 25, 2005, the Monday after the July 22, 2005 production date on which Brown's documents were required to be made available for inspection and copying by plaintiffs, Brown's counsel Kristen Sherman advised plaintiffs' counsel Carolyn Mannis that she would check and call Mannis back to advise her whether we could inspect and copy Brown's documents or instead make arrangements to have Brown's entire production photocopied.

By the following week, when we had not heard back from Ms. Sherman, I sent a formal written demand on August 1, 2005 to Brown that we be permitted to inspect and copy Brown's

[1] We also disagree with Brown's claim that the applicable standard of review under 5 U.S.C. § 706(2)(A)(whether the agency action is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law") does not permit summary judgment or trial on the merits.

documents. Brown's counsel Joseph Avanzato advised us on August 2, 2005 in writing and on August 4, 2005 in a telephone conversation (by then some *six weeks* after plaintiffs had advised Brown's counsel that plaintiffs' documents were available for inspection and copying) -- that plaintiffs' counsel, in the absence of a request from Brown -- should have provided Brown's counsel with photocopies of plaintiffs' nearly 4,000-page document production. A substantial portion of plaintiffs' production consisted of multiple non-identical copies that Brown's document request had demanded be included. Mr. Avanzato went on to assert that Brown would not produce any documents to plaintiffs unless plaintiffs first provided their documents to Brown.

Thereafter, in several additional telephone conversations, Ms. Sherman advised me that Brown's counsel were waiting for Brown to advise them as to whether Brown's counsel should first inspect plaintiffs' documents or arrange to have photocopies of all of plaintiffs' documents made, and whether Brown should make its documents available for inspection and copying to plaintiffs or simply provide photocopies of all of the documents to plaintiffs.

Finally, out of frustration and in the hope of moving the matter along, on August 17, 2005 we simply delivered photocopies of our nearly 4,000 pages of documents to Brown's counsel. Brown's counsel in turn finally, on August 22, 2005, made photocopies of Brown's documents available -- approximately thirty days after the date that Brown was obligated to have made those documents available to plaintiffs for inspection and copying.

For these reasons, Brown was not justified in holding back until August 22, 2005 the documents that they were obligated to have made available to plaintiffs for inspection and copying on July 22, 2005 -- approximately 30 days previously.[2]

---

[2] In a footnote on page 6 of its objections, Brown states that it may seek leave at a later

Dated: September 8, 2005

William G. Touret/Pro Se
11 South Angell Street #264
Providence, RI 02906-5206
Tel. (800) 345-0080
Fax (401) 831-5329

J. WILLIAM W. HARSCH/Bar No. 3688
170 Westminster Street, Suite 800
Providence, RI 02903
Tel. (401) 454-4466
Fax (401) 351-3914

Attorney for Plaintiffs Thomas A. Bennett, William G. Black, Eileen F. Rosenberg-Black, Antoinette Breed, Allyn Copp, Ronald A. Dwight, Pamela Hext Dwight, G. Dale Dulgarian, as he is Trustee for KSD Trust, Virginia G. Riggs, Yvonne G. Shilling, and College Hill Neighborhood Association

---

time to depose one or more of plaintiffs' experts. Brown previously served plaintiffs with interrogatories seeking detailed information about plaintiffs' experts and their anticipated testimony. This is the first time that Brown has mentioned to plaintiffs the possibility that Brown may seek to take one or more depositions of plaintiffs' experts. We respectfully reserve our right to assert objections to any such depositions until such time as Brown may seek to take them.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of September, 2005, I caused a copy of the foregoing to be hand-delivered to the following:

Robin E. Feder, Esq.
Assistant U.S. Attorney
Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, RI 02903

Joseph Avanzato, Esq.
Kristen W. Sherman, Esq.
ADLER POLLOCK & SHEEHAN, P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345

Beverly E. Ledbetter, Esq.
Vice President and General Counsel
Brown University
110 South Main Street
Providence, RI 02903

William G. Touret