**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| WILLIAM G. TOURET, THOMAS A. BENNETT, WILLIAM G. BLACK, EILEEN F. ROSENGERG-BLACK, ANTIONETTE BREED ALLYN COPP, RONALD A. DWIGHT, G. DALE DULGARIAN, as he is Trustee for KSD TRUST, VIRGINIA G. RIGGS, MATTHEW L. SHILLING, YVONNE G. SHILLING, and COLLEGE HILL NEIGHBORHOOD ASSOCIATION, | ) | |
| Plaintiffs | ) | |
| v. | ) | C.A. No. 04-198T |
| NATIONAL AERONAUTICS AND SPACE ADMINISTRATION; DEPARTMENT OF ENERGY and BROWN UNIVERSITY, | ) | |
| Defendants. | ) | |

**<u>DEFENDANT BROWN UNIVERSITY'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY FROM DEFENDANT BROWN UNIVERSITY</u>**

Defendant Brown University hereby opposes Plaintiffs' Motion to Compel Discovery from Defendant Brown University ("Motion to Compel"). As more fully detailed in the accompanying Memorandum of Law, Plaintiffs fad to establish that the information they seek in their Requests for Admission Nos. 8(a-f), 10(a-f), 11(a-f), 12-13 and 15-21 (the "Requests") falls within one or more of the very limited exceptions to the "record rule" in administrative appeals from a decision under the National Environmental Policy Act, 42 U.S.C. § 4321 et. *seq.* Accordingly, it is outside the scope of discovery allowed by this Court and Brown University respectfully requests that Plaintiffs' Motion to Compel be denied.

Respectfully submitted,

JOSEPH AVANZATO (#4774)
KRISTEN W. SHERMAN (#5595)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
Tel. (401) 274-7200
Fax (401) 351-4607

and

BEVERLY E. LEDBETTER, ESQ. (#2208)
General Counsel
Office of the General Counsel
Brown University
110 South Main Street
Providence, RI
Tel: (401) 863-9900
Fax: (401) 863-1199

Attorneys for Defendant Brown University

Dated: October 24, 2005

**CERTIFICATE OF SERVICE**

**I hereby certify** that a **copy** of the **within** was hand delivered on this 24th day of October, 2005, to J. William Harsch, Esq., 170 Westminster Street, Suite 800, Providence, Rhode Island and Robin Feder, Esq., United States Attorney's Office, District of Rhode Island, Fleet Center, 50 Kennedy Plaza, 8th Floor, Providence, RI 02903 and William G. Touret, 11 South Angell Street #264, Providence, Rhode Island 02906.

*358895_1.DOC*

**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| WILLIAM G. TOURET, THOMAS A. BENNETT, WILLIAM G. BLACK, EILEEN F. ROSENGERG-BLACK, ANTIONE'TTE BREED ALLYN COPP, RONALD A. DWIGHT, G. DALE DULGARIAN, as he is Trustee for KSD TRUST, VIRGINIA G. RIGGS, MATTHEW L. SHILLING, YVONNE G. SHILLING, and COLLEGE HILL NEIGHBORHOOD ASSOCIATION, | ) | |
| Plaintiffs | ) | |
| v. | ) | C.A. No. 04-198T |
| NATIONAL AERONAUTICS AND SPACE ADMINISTRATION; DEPARTMENT OF ENERGY and BROWN UNIVERSITY, | ) | |
| Defendants. | ) | |

**DEFENDANT BROWN UNIVERSITY'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DISCOVERY FROM DEFENDANT BROWN UNIVERSITY**

Defendant Brown University hereby submits this Memorandum of Law in support of its Opposition to Plaintiffs' Motion to Compel Discovery from Defendant Brown University ("Motion to Compel"). As more fully detailed below, Plaintiffs fail to establish that the information they seek in their Requests for Admission Nos. 8(a-f), 10(a-f), 11(a-f), 12-13 and 15-21 (the "Requests") falls within one or more of the very limited exceptions to the "record rule" in administrative appeals from an agency decision under the National Environmental Policy Act, 42 U.S.C. § 4321 *et. seq.* ("NEPA"). Accordingly, it is outside the scope of discovery allowed by this Court and the Motion to Compel should be summarily denied.

ARGUMENT

As this Court has repeatedly acknowledged, the general rule in administrative appeals under NEPA is that judicial review is limited to review of the administrative record as it existed before the agencies. Transcript of April 27,2005 Hearing on Plaintiffs' Motion for Leave to File Amended Complaint ("Transcript") at 6. This standard of review of an agency action is highly deferential; the court must presume the agency action to be valid. See Citizens To Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 415 (1971), *overruled on other grounds,* Califano v. Sanders, 430 U.S. 99 (1977); see also Grazing Fields Farm v. Goldschmidt, 626 F. 2d 1068, 1072 (1st Cir. 1980) ("The court should only assure itself that the agency has given good faith consideration to the environmental consequences of its actions"). The reviewing court is not generally empowered to conduct a de *novo* inquiry into the matter being reviewed and to reach its own conclusions based on such an inquiry. See Florida Power & Light Co. v. Lorion, 105 S. Ct. 1598, 1607 (1985); see also Olsen v. U.S., 414 F. 3d 144, 155 (1" Cir. 2005). Rather, as this Court has noted, "the test is whether the record shows that the agency acted in an arbitrary and capricious manner." Transcript at 6.

Under the so-called "record rule," the Court is ordinarily constrained to review the administrative record as it existed before the agencies. Transcript at 6. The "record rule" is subject to a handful of narrowly defined exceptions created by judicial decision. Under these exceptions, the Court has discretion to permit supplementation where: (1) the agency considered information that was not included in the record (i.e., secret information) or adverse information was presented to the agency but not included in the record; (2) the record is incomplete because there was information available to the agency that the agency should have considered and did not; (3) the record is incomplete because new information came to light after the agency decision was made, which information was neither known, nor available, to the parties and demonstrates that the risks were greater than believed; (4) the agency acted in bad faith; and (5) the case involves a "very

technical matter" and the Court "needs" expert help in understanding the record. See Transcript at 7-9; see also Overton Park, 401 U.S. at 420; Town of Norfolk v. E.P.A., 761 F. Supp. 867, 874-875 (D. Mass. 1991) (citations omitted), aff'd, 960 F. 2d 143 (1" Cir. 1992). In the present case, Plaintiffs have been allowed and have taken advantage of' the unique opportunity to conduct four months worth of discovery on the narrow issue of whether one or more of the exceptions to the "record rule" applies. As this Court noted, "[t]hese are very narrow questions that need to be addressed" and "discovery should be based on whether or not any of these exceptions apply." Transcript at pp. 15-16.

Brown University submits that the Requests at issue do not fall within any of the recognized exceptions to the "record rule." The information in dispute does not fall within the part of the first exception for "secret information." Plaintiffs do not appear to argue that the information sought falls within the second exception for information that was available to the agency that it should have considered and did not. Plaintiffs also do not posit that the information in dispute is new information that came to light after the agencies made their decision and shows that the risks of the proposed Life Sciences Building were greater than believed. Similarly, the Requests also do not relate to the fourth or fifth exceptions for agency bad faith[2] or very technical cases in which the Court requires assistance.

At most, Plaintiffs appear to argue that the discovery they seek falls within the portion of the first exception for adverse information presented to the agency, but not included in the record (i.e., the record does not reflect the fact that Plaintiffs were allegedly denied certain information prior to

---

[1] Plaintiffs have propounded interrogatories, requests for admission and document requests. In addition, Plaintiffs have taken the depositions of representatives from the Rhode Island Historic Preservation & Heritage Commission and the Rhode Island Department of Environmental Management.

[2] While one can infer that Plaintiffs think Brown University has acted in bad faith, it is agency bad faith that gives rise to the exception.

the publication of the draft EA).[3] However, the information in dispute does not fall within this narrow exception. Indeed, the information at issue was neither "adverse" nor excluded from the record.

The information cannot be said to be "adverse" because Brown University's alleged failure to provide specific information to Plaintiffs for use during the comment period is inapposite. Notably missing from Plaintiffs' Motion to Compel is any legal authority for the proposition that Plaintiffs had a right to comment on the draft EA and that the denial of that alleged "right" is actionable. On the contrary, none of the controlling NEPA regulations provided Plaintiffs with the right to comment on the draft EA.

The Council on Environmental Quality ("CEQ") Regulations, which implement NEPA, do not provide for a public comment period or otherwise confer on the public a right to comment on draft EAs. See 40 C.F.R. §§ 1500-1508; see also id. § 1506.6. At most, the CEQ regulations require "public notice of NEPA-related hearings, public meetings, and the availability of environmental documents so as to inform those persons and agencies who may be interested or affected." See id. § 1506.6(b). In addition, while the regulations contemplate public comments on Environmental Impact Statements ("EIS"), they specifically omit conferring a public right to comment on EAs. See id. §§ 1500-1508; see also id. §§ 1506.6(f), 1506.10(c). Indeed, the First Circuit has remarked that "[n]othing in the CEQ regulations requires circulation of a draft EA for public comment, except

[3] Plaintiffs appear to concede that the RWDI Report, Submission to the State Historic Preservation Officer (February 4,2002) and Accentech Reports were part of the draft and/or final EA put out by the agencies. Plaintiffs' Memorandum at p. 2 (information relating to . . . the potential to impact human health and the environment by reason of the use of chemical, radiological, and biological materials – *as was later disclosed in the Draft EA and Final EA*.") (emphasis added).

under certain limited circumstances." Alliance To Protect Nantucket Sound. Inc. v. U.S. Dept. of Army, 398 F. 3d 105, 115 (1st Cir. 2005) (citing 40 C.F.R. § 1501.4(e)(2)).[4]

NASA's regulations implementing NEPA also no not provide for a public comment period or otherwise confer on the public a right to comment on draft EAs. See 14 C.F.R. §§ 1216.3, 1216.309. Although the regulations contemplate comments on an EIS, the regulations specifically omit conferring a public right to comment on EAs. See id. §§ 1216.3, 1216.308(a).

Finally, DOE's regulations implementing NEPA do not provide for a public comment period or otherwise grant the public a right to comment on draft EAs. See 10 C.F.R. §§ 1021, 1021.301. The regulations state that "DOE shall make its NEPA documents available to other Federal agencies, states, local governments, American Indian tribes, interested groups, and the general public, in accordance with 40 CFR 1506.6, except as provided in $1021.340 of this part" (which deals with classified or otherwise exempt information). See 10 C.F.R. § 1021.301(a). The regulations further state that "DOE shall provide the host state and host tribe with an opportunity to review and comment on any DOE EA prior to the DOE's approval of the EA" and that "[a]t DOE's discretion, this review period shall be from 14-30 days." See id. § 1021.301(d). Of course, Plaintiffs do not qualify as either the state or a host tribe to trigger the applicability of this section. Moreover, while DOE's regulations address the issue of public review and comment, the rights conferred are limited to instances involving the preparation of an EIS. See id. §§ 1021.311, 1021.313. These regulations clearly do not confer on the public a right to comment on EAs. See id. §§ 1021, 1021.301.

---

[4] "Public participation is required by the CEQ regulations if the proposed action is without precedent or is similar to an action that normally requires preparation of an environmental impact statement. 40 C.F.R. § 1501.4(e)(2). In such cases, an agency must make its proposed finding of no significant impact available for public review thirty days before the agency makes its final determination whether to prepare an environmental impact statement." Defenders of Wildlife, Earth Island Institute v. Hogart, 330 F. 3d 1358,1373 -1374 (Fed. Cir. 2003). Plaintiffs do not allege that any of these circumstances exist in the present case.

The Northern District of New York effectively summarized the shortcoming of Plaintiffs' argument:

> Although plaintiffs correctly assert that such pre-filing disclosure and public involvement is required prior to an agency's issuance of an EIS, or in "certain limited circumstances" involving actions which "normally require the preparation of an [EIS]," 40 C.F.R. § 1501.4(e)(2)(i), an EA does not carry the same burden. Indeed, CEQ regulations provide that agencies must "involve the public" in the NEPA process, 40 C.F.R. § 1506.6(a) and should make any finding of no significant environmental impact "available to the public." 40 C.F.R. § 1502(e)(1). . . . Although plaintiffs' interest in the outcome of the Army Corps review of the project was undoubtedly intense, CEQ regulations do not require federal agencies to notify the concerned public in advance of or even contemporaneously with issuing an EA or finding of no significant environmental impact. Rather, such findings and documents are to be made available upon request via standard FOIA procedures.

Pogliani v. U.S. Armv Corps of Engineers, 166 F. Supp. 2d 673,698 (N.D.N.Y. 2001). Therefore, even assuming *arguendo* that Brown University failed to provide information to Plaintiffs prior to the draft EA, that omission cannot reasonably be characterized as "adverse" to any legally cognizable right of Plaintiffs.[5]

Plaintiffs also cannot reasonably argue that their alleged inability to access certain information was not included in the record. The claim that Plaintiffs were denied information about emissions from the proposed Life Sciences Building prior to the draft EA is part of the record. For example, in Plaintiff William Touret's 27-page comment letter to NASA, he specifically alleged that Brown withheld emissions information from the public. Administrative Record at pp. 0897-0899.

[5] It is noteworthy that, notwithstanding the absence of any right to comment on the EA for the proposed Life Sciences Building, Plaintiffs not only received notice of the draft EA (Administrative Record at 0530-31 and 0603-609), they even submitted comments (Administrative Record at 0889-1084). It is evident from the final EA that Plaintiffs' comments were considered. See Appendix E to the Final EA, Administrative Record at 0699-0704. Therefore, Brown University submits that Plaintiffs were given a "meaningful opportunity to comment."

Therefore, the information at issue does not fall within the scope of the "record rule" exception for "adverse" information presented to the agencies, but excluded from the record.

## CONCLUSION

Based on the foregoing, Plaintiffs cannot demonstrate that the information they seek falls w i t .any of the recognized exceptions to the record rule. Therefore, the information falls outside the scope of permissible discovery in this case and Plaintiffs' Motion to Compel should be denied.

Respectfully submitted,

JOSEPH AVANZATO (#4774)
KRISTEN W. SHERMAN (#5595)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
Tel. (401) 274-7200
Fax (401) 351-4607

and

BEVERLY E. LEDBETTER, ESQ. (#2208)
General Counsel
Office of the General Counsel
Brown University
110 South Main Street
Providence, RI
Tel: (401) 863-9900
Fax: (401) 863-1199

Attorneys for Defendant Brown University

Dated: October 24, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the within was hand delivered on this 24th day of October, 2005, to J. William Harsch, Esq., 170 Westminster Street, Suite 800, Providence, Rhode Island and Robin Feder, Esq., United States Attorney's Office, District of Rhode Island, Fleet Center, 50 Kennedy Plaza, 8" Floor, Providence, RI 02903 and William G. Touret, 11 South Angell Street #264, Providence, Rhode Island 02906.

April M Fontaine

*358551_2.DOC*