UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| WILLIAM G. TOURET, et al., Plaintiffs, | : | |
| v. | : | CA 04-198 T |
| NATIONAL AERONAUTICS AND SPACE ADMINISTRATION, DEPARTMENT OF ENERGY, and BROWN UNIVERSITY, Defendants. | : | |

**MEMORANDUM AND ORDER**
**DENYING PLAINTIFFS' MOTION**
**TO COMPEL DISCOVERY**

Before the court is Plaintiffs' Motion to Compel Discovery from Defendant Brown University (Document ("Doc.") #59) ("Motion" or "Motion to Compel"). The Motion has been referred to me for determination. A hearing was conducted on November 17, 2005.

This action arises under section 102(2)(C) of the National Environmental Policy Act of 1969 ("NEPA"), 42 U.S.C. § 4332(2)(C). See Plaintiffs' Memorandum in Support of Motion to Compel Discovery from Defendant Brown University ("Plaintiffs' Mem.") at 1; see also Complaint for Declaratory and Injunctive Relief (Doc. #1) ("Complaint"). In their Complaint, Plaintiffs challenge the decision by the National Aeronautics and Space Administration ("NASA") and the Department of Energy ("DOE") not to perform an Environmental Impact Statement ("EIS") with respect to Brown University's Life Sciences Building project and their decision instead to prepare an Environmental Assessment ("EA") and issue a Finding of No Significant Impact ("FONSI").

By the Motion, Plaintiffs seek to compel Defendant Brown University ("Brown") to provide answers to certain of Plaintiffs' First Requests for Admissions. The purpose of these requests, according to Plaintiffs, is to establish:

> that Brown did not disclose to plaintiffs or the public prior to the publication on or about June 2, 2003[,] of the Draft EA information relating to the fact that activities at the Life Sciences Building would have the potential to impact human health and the environment by reason of the use of chemical, radiological, and biological materials -- as was later disclosed in the Draft EA and Final EA.

Plaintiffs' Mem. at 2. Plaintiffs further state:

> The failure by the defendants to disclose that information to the public prior to the publication of the Draft EA and Final EA is relevant to plaintiffs' claim that NASA and DOE failed to afford plaintiffs a meaningful opportunity to obtain information about and thereby submit meaningful comments with respect to the Draft EA during the 30-day comment period that commenced on June 2, 2003, and that defendants failed otherwise to comply with NEPA's public participation requirements. Plaintiffs further allege that defendants, pursuant to those failures and other violations of NEPA's requirements, sought to and did improperly circumvent their obligation to prepare an EIS as opposed to the EA and FONSI that they prepared here.

Id.

Because this is an appeal of an administrative decision by Defendants NASA and DOE, the general rule is that judicial review is limited to review of the record as it existed before the agencies. See Olsen v. United States, 414 F.3d 144, 155 (1st Cir. 2005)("The Supreme Court has consistently stated that review of administrative decisions is "ordinarily limited to consideration of the decision of the agency ... and of the evidence on which it was based," and that "no de novo proceeding may be held." United States v. Carlo Bianchi & Co., 373 U.S. 709, 714-15, 83 S.Ct. 1409, 10 L.Ed.2d 652 (1963). "[T]he focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." Camp v. Pitts, 411 U.S. 138, 142, 93 S.Ct. 1241, 36 L.Ed.2d 106 (1973). See also Florida Power & Light Co.

v. Lorion, 470 U.S. 729, 743-44, 105 S.Ct. 1598, 84 L.Ed.2d 643 (1985)("The task of the reviewing court is to apply the appropriate APA standard of review, 5 U.S.C. § 706, to the agency decision based on the record the agency presents to the reviewing court."))(alterations in original).

Thus, the issue to be decided relative to the instant Motion is whether the discovery sought by Plaintiffs falls within any of the exceptions to the general rule that the court's review is based on the record presented by the agencies. At an April 27, 2005, hearing on Plaintiffs' motion for leave to file an amended complaint, Chief Judge Torres identified four exceptions to the general rule: 1) where the record is not complete because it does not include all of the information presented to or relied upon by the agency in making its decision, for example, where information was made available to and/or considered by the agency, but not made part of the record, so-called secret information, or where adverse information was presented during the administrative proceedings and for some reason the agency did not forward that information as part of the record; 2) where there is additional evidence that comes out after the agency proceeding is concluded that would affect the result and which was not available or known to the parties and which demonstrates that the risks were greater than what was believed; 3) where the agency either withheld or failed to consider important information that was not available to the objectors at the time of the administrative proceedings or if the information was withheld in bad faith; and 4) where the court needs help in understanding the record that was compiled, such as in a very technical matter.[1] See Transcript of April 27,

---

[1] Chief Judge Torres stated that there might be other exceptions to the general rule. See Transcript of April 27, 2005, Hearing on Plaintiffs' Motion for Leave to File Amended Complaint ("Tr.") at 7. However, Plaintiffs do not contend that any other exceptions are applicable to the instant Motion. See Plaintiffs' Mem. at 8 (listing

2005, Hearing on Plaintiffs' Motion for Leave to File Amended Complaint ("Tr.") at 6-8.

Plaintiffs contend that the discovery they seek falls within the first and third exceptions. See Plaintiffs' Mem. at 8; Plaintiffs' Reply Memorandum in Support of Motion to Compel Discovery from Defendant Brown University (Doc. #61) ("Plaintiffs' Reply Mem.") at 2-5; Tape of November 17, 2005, Hearing. They contend that the record is incomplete in that it does not contain adverse information that was presented during the administrative proceedings. See Plaintiffs' Reply Mem. at 4 (asserting that to the extent that record "fails to contain any acknowledgment by NASA and DOE that Brown in fact withheld and refused to provide ... material information or that NASA and DOE even attempted to verify plaintiffs' claims of non-disclosure by Brown," the record "is incomplete and misleading"). They also assert that information was withheld in bad faith. See id. at 3 (arguing that "Brown's withholding of material adverse information from the public while it disclosed only material non-adverse information -- is ... within the accepted bad faith exception to the 'record rule'"); id. (asserting that Brown's alleged bad faith and improper behavior is chargeable to NASA and DOE); id. at 4 (arguing that to the extent NASA's and DOE's failure to "verify what information Brown in fact had made available to the public prior to the June 2, 2003[,] publication of the Draft EA ..." was the result of bad faith or was otherwise improper, it "would also satisfy the bad faith exception to the

---

the four exceptions identified by Chief Judge Torres); Plaintiffs' Reply Memorandum in Support of Motion to Compel Discovery from Defendant Brown University (Doc. #61) ("Plaintiffs Reply Mem.") at 2-5 (arguing that the discovery sought falls within the first and third exceptions identified by Judge Torres); Tape of November 17, 2005, Hearing (Plaintiff Touret responding to the court's question as to which exceptions are applicable to the instant Motion by identifying the first and third exceptions which appear on page 8 of Plaintiffs' Mem.).

'record rule'").

The court finds it difficult to fit the information which Plaintiffs contend is missing from the record within either exception. Relative to the first exception, Plaintiffs do not contend that their claims that Brown allegedly withheld adverse information from the public and that NASA and DOE allegedly unreasonably refused to extend the comment period for the Draft EA are absent from the record. See Plaintiffs' Reply Mem. at 4 (acknowledging that the record includes these claims); see also Defendant Brown University's Memorandum in Opposition to Plaintiffs' Motion to Compel Discovery from Defendant Brown University ("Brown's Mem.") at 6 (identifying where in the record Plaintiff Touret's claim that Brown withheld emissions information appears). Rather, Plaintiffs contend that the record is incomplete and misleading because it "fails to contain any acknowledgement by NASA and DOE that Brown in fact withheld and refused to provide ... material information or that NASA and DOE even attempted to verify plaintiffs' claims of non-disclosure by Brown." Plaintiffs' Reply Mem. at 4. In this court's view, the absence of such acknowledgment does not make the record incomplete in the sense contemplated by the first exception to the general rule. The record might be incomplete if Plaintiffs' complaint about this adverse information were absent, but that is not the case here.

As for the contention that the lack of an acknowledgment by the two agencies that Brown allegedly withheld adverse information makes the record misleading, the court fails to see how this is so. The record contains Plaintiffs' complaint about Brown's alleged conduct. If this information were lacking, the characterization of misleading could be appropriate. In the present circumstances, it is not.

Regarding the third exception, Plaintiffs argue that even if

NEPA had permitted Defendants not to hold any public meetings or otherwise engage the public prior to the release of the Draft EA, see Plaintiffs' Reply Mem. at 2, Brown chose to make representations to the public about the potential environmental impacts from the Life Sciences Building and therefore Brown had an obligation to make those disclosures and otherwise comply with NEPA's public participation requirements in good faith, see id. at 2-3. They further argue that because NEPA requires federal agencies to be responsible for the actions of those parties to whom agencies delegate the preparation of an EA or EIS, Brown's alleged bad faith is chargeable to NASA and DOE. See id. at 3. Consequently, according to Plaintiffs, "[e]vidence of bad faith and improper behavior by Brown in the pre-June 2, 2003[,] period -- Brown's withholding of material adverse information from the public while it disclosed only material non-adverse information -- is thus within the accepted bad faith exception to the 'record rule.'" Id.

The court is not satisfied that the alleged bad faith on the part of Brown can be charged to the agencies. Cf. Fund for Animals v. Williams, 391 F.Supp.2d 191, 198 (D.D.C. 2005)("Before invoking an exception [to the general rule that review in an APA case is limited to the administrative record that was before the agency], however, the plaintiff must demonstrate bad faith or improper behavior on the part of the agency, or that, the record is so bare that it prevents effective judicial review.")(internal quotation marks omitted). Plaintiffs contend that Brown's failure to disclose the adverse information hindered their ability to submit meaningful comments with respect to the Draft EA during the 30-day comment period that commenced on June 2, 2003. See Plaintiffs' Mem. at 2. However, as Brown notes, Plaintiffs cite no legal authority for the proposition that they had a right to comment on the draft EA and that the denial of

such alleged right is actionable. See Brown's Mem. at 4. The Council on Environmental Quality ("CEQ") Regulations, which implement NEPA, do not provide for a public comment period or otherwise confer on the public a right to comment on draft EAs. See id. (citing 40 C.F.R. §§ 1500-1508; id. § 1506.6). Indeed, the First Circuit has stated that "[n]othing in the CEQ regulations require circulation of a draft EA for public comment except under certain "limited circumstances."[2] Alliance to Protect Nantucket Sound v. United States Department of the Army, 398 F.3d 105, 115 (1st Cir. 2005)(citing 40 C.F.R. § 1501.4(e)(2)). Since Plaintiffs had no right to comment on the Draft EA, their contention that Brown's alleged hindrance of their ability to comment constitutes bad faith which should be charged to the agencies is unpersuasive.

Plaintiffs charge that NASA and DOE decided in advance not to honor any requests by the public for an extension of the comment period for the Draft EA, see Plaintiffs' Mem. at 3, 9, and that this decision was based on NASA's (in the person of Lizabeth R. Montgomery) incorrect understanding of what information Brown had disclosed during the period prior to Ms. Montgomery's email of May 19, 2003, see id. at 9. However, Ms. Montgomery's email is part of the record, see Administrative Record at 0520, as is the fact that the requests for an extension of the comment period were not granted. Plaintiffs are free to argue that NASA improperly determined in advance not to grant an extension of the 30-day comment period and that the basis for

---

[2] "Public participation is required by the CEQ regulations if the proposed action is without precedent or is similar to an action that normally requires preparation of an environmental impact statement. 40 C.F.R. § 1501.4(e)(2). In such cases, an agency must make its proposed finding of no significant impact available for public review thirty days before the agency makes its final determination whether to prepare an environmental impact statement. Id." Defenders of Wildlife, Earth Island Institute v. Hogarth, 330 F.3d 1358, 1373-74 (Fed. Cir. 2003).

this decision was an erroneous belief as to what Brown had already disclosed. To the extent that Plaintiffs contend that NASA's alleged predetermination not to extend the 30-day comment period constitutes bad faith, Plaintiffs' argument is rejected.

Plaintiffs also complain that there is no indication in the Administrative Record that NASA or DOE attempted to verify what information Brown in fact made available to the public prior to the June 2, 2003, publication of the Draft EA and that the Final EA and Administrative Record do not describe Brown's disclosure omissions in the pre-June 2, 2003, period. See Plaintiffs' Reply Mem. at 4 (citing 40 C.F.R. § 1506.5(a), (b) (2003)). Plaintiffs suggest that this failure to verify was due to bad faith and that this bad faith satisfies the third exception to the general rule.

The court disagrees. Brown was not required to make any disclosures prior to the issuance of the Draft EA. A failure by the agencies to verify something which Brown was not required to do in the first place, does not, in this court's view, rise to the level of bad faith.

In summary, the information which Plaintiffs seek does not fall within either the first or third exception to the record rule. It is, therefore, outside the permissible scope of discovery. Accordingly, Plaintiffs' Motion to Compel is DENIED.

ENTER:

David L. Martin

DAVID L. MARTIN
United States Magistrate Judge
November 21, 2005

BY ORDER:

Deputy Clerk