UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

WILLIAM G. TOURET, THOMAS A. BENNETT, WILLIAM G. BLACK, EILEEN F. ROSENGERG-BLACK, ANTIONETTE BREED ALLYN COPP, RONALD A. DWIGHT, G. DALE DULGARIAN, as he is Trustee for KSD TRUST, VIRGINIA G. RIGGS, MATTHEW L. SHILLING, YVONNE G. SHILLING, and COLLEGE HILL NEIGHBORHOOD ASSOCIATION,

Plaintiffs

v. C.A. No. 04-198T

NATIONAL AERONAUTICS AND SPACE ADMINISTRATION; DEPARTMENT OF ENERGY and BROWN UNIVERSITY,

Defendants.

**DEFENDANT BROWN UNIVERSITY'S OPPOSITION TO PLAINTIFFS' OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER DENYING PLAINTIFFS' MOTION TO COMPEL**

Defendant Brown University hereby opposes Plaintiffs' Objections to the Magistrate Judge's Order Denying Plaintiffs' Motion to Compel Discovery from Defendant Brown University. As demonstrated in the accompanying memorandum, Magistrate Judge Martin's Memorandum and Order Denying Plaintiffs' Motion to Compel Discovery is legally correct and should be affirmed.

Respectfully submitted,

JOSEPH AVANZATO (#4774)
KRISTEN W. SHERMAN (#5595)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
Tel. (401) 274-7200
Fax (401) 351-4607

and

BEVERLY E. LEDBETTER, ESQ. (#2208)
General Counsel
Office of the General Counsel
Brown University
110 South Main Street
Providence, RI
Tel: (401) 863-9900
Fax: (401) 863-1199

Attorneys for Defendant Brown University

Dated: December 15, 2005

CERTIFICATE OF SERVICE

I hereby certify that a copy of the within was hand delivered on this 15th day of December, 2005, to J. William Harsch, Esq., 170 Westminster Street, Suite 800, Providence, Rhode Island and Robin Feder, Esq., United States Attorney's Office, District of Rhode Island, Fleet Center, 50 Kennedy Plaza, 8th Floor, Providence, RI 02903 and William G. Touret, 11 South Angell Street #264, Providence, Rhode Island 02906.

*365043_1.doc*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| WILLIAM G. TOURET, THOMAS A. BENNETT, WILLIAM G. BLACK, EILEEN F. ROSENGERG-BLACK, ANTIONETTE BREED ALLYN COPP, RONALD A. DWIGHT, G. DALE DULGARIAN, as he is Trustee for KSD TRUST, VIRGINIA G. RIGGS, MATTHEW L. SHILLING, YVONNE G. SHILLING, and COLLEGE HILL NEIGHBORHOOD ASSOCIATION, | ) | |
| Plaintiffs | ) | |
| v. | ) | C.A. No. 04-198T |
| NATIONAL AERONAUTICS AND SPACE ADMINISTRATION; DEPARTMENT OF ENERGY and BROWN UNIVERSITY, | ) | |
| Defendants. | ) | |

**DEFENDANT BROWN UNIVERSITY'S MEMORANDUM IN SUPPORT OF ITS OPPOSITION TO PLAINTIFFS' OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER DENYING PLAINTIFFS' MOTION TO COMPEL**

Defendant Brown University hereby submits this Memorandum of Law in support of its Opposition to Plaintiffs' Objections to the Magistrate Judge's Order Denying Plaintiffs' Motion to Compel Discovery from Defendant Brown University. As demonstrated below, Magistrate Judge Martin's Memorandum and Order Denying Plaintiffs' Motion to Compel Discovery (the "Order") is legally correct. Magistrate Judge Martin correctly concluded that the requests for admissions propounded by Plaintiffs do not fall within the scope of any of the exceptions to the record rule. Accordingly, the Magistrate Judge's Order is not clearly erroneous or contrary to law, and it should be affirmed and adopted by this Court.

## INTRODUCTION

Plaintiffs filed suit under the National Environmental Policy Act of 1969 ("NEPA") challenging the decision of the National Aeronautics and Space Administration ("NASA") and the Department of Energy ("DOE") not to prepare an Environmental Impact Statement ("EIS") concerning Brown University's proposed Life Sciences Building. In connection with Plaintiffs' request to supplement the administrative record, the Court permitted Plaintiffs to propound a limited scope of discovery, specifically, discovery that fell within the scope of one or more of the exceptions to the record rule. As enunciated by the Court, the exceptions to the record rule are the following: (1) the agency considered information that is not in the administrative record, or adverse information was presented to the agency but is not contained in the record; (2) information was available to the agency that the agency did not consider, but should have; (3) new information came to light after the agency made its decision, which information was neither known nor available to the parties and demonstrates that the risks were greater than believed; (4) the agency acted in bad faith; and (5) the case involves a "very technical matter" for which the Court "needs" expert help. See Transcript of April 27, 2005 Hearing on Plaintiffs' Motion for Leave to File Amended Complaint at 7-9.

Thus, Plaintiffs' requested discovery must pertain to information that is not in the administrative record, but should be. Furthermore, the reason why the information should be in the administrative record must be one of the reasons set forth in an exception to the record rule.

Plaintiffs propounded a wide range of discovery, including requests for admissions (the "Requests"). The Requests that are the subject of Plaintiffs' Motion to Compel request Brown University to admit certain alleged facts concerning Plaintiffs' allegation that, prior to the

publication of the draft Environmental Assessment ("EA"), Brown University allegedly failed to provide Plaintiffs certain information about air emissions and noise.

It is important to be clear about what Plaintiffs are *not* alleging. First, Plaintiffs do *not* dispute that after the draft EA was published and before the deadline for submitting public comments, Brown University provided Plaintiffs information about air emissions and noise. Second, Plaintiffs do *not* dispute that in their public comments, they addressed, and substantively analyzed, the information about air emissions and noise. See Comments of Plaintiff William G. Touret, Administrative Record ("AR") at 903-911. Third, Plaintiffs do *not* dispute that their alleged facts about Brown University's alleged failure to provide them certain information prior to publication of the draft EA are contained in the administrative record, specifically, in the public comments to the draft EA. See id. at pages 897-900.

Thus, the subject matter of the discovery that Plaintiffs seek to obtain through their Requests is limited to one thing: requested admissions that prior to the publication of the draft EA, Brown University allegedly did not provide Plaintiffs certain information about air emissions and noise. In short, Plaintiffs assert that Brown University should be compelled to respond to certain Requests and that the administrative record should be supplemented with that post-administrative decision discovery. Plaintiffs' assertion, therefore, is that the administrative record should be supplemented with something that did not exist at the time of the agencies' decision, namely, requested admissions of certain alleged facts, even though the alleged facts themselves are contained in the administrative record.

After Brown University objected to the subject Requests as outside the scope of any exception to the record rule, Plaintiffs filed a motion to compel, on the asserted basis that the subject Requests fall within either the "adverse information" or "bad faith" exceptions to the

record rule. Magistrate Judge Martin denied Plaintiffs' motion to compel on the basis that the Requests did not fall within the scope of any of the exceptions to the record rule. Magistrate Judge Martin held that because Plaintiffs' alleged facts about Brown University's alleged failure to disclose certain information prior to issuance of the draft EA are contained in the administrative record (the 27-page, single-spaced comment letter from Plaintiff Mr. Touret), the absence of an admission or acknowledgement of those alleged facts does not render the administrative record incomplete. Magistrate Judge Martin further held that Brown University had no legal obligation to provide Plaintiffs the subject information and Plaintiffs did not have a legal right to comment on the draft EA. Therefore, the Magistrate Judge held that any alleged failure of Brown University to provide Plaintiffs the requested information prior to the 30-day comment period, and any alleged failure by the agencies to acknowledge or verify any such nondisclosure, could not constitute bad faith. Finally, Magistrate Judge Martin held that Plaintiffs failed to provide the Court any legal authority for their assertion that alleged bad faith on the part of Brown University could be imputed to the agencies. See Order at 5-8.

As demonstrated below, Magistrate Judge Martin's Order denying Plaintiffs' motion to compel is legally correct. Thus, the Order is not clearly erroneous or contrary to law, and it should be affirmed and adopted by this Court.

## ARGUMENT

To obtain a reversal of a discovery decision and order issued by a magistrate judge, the moving party must establish that the decision was "clearly erroneous and contrary to law." Mutual Fire, Marine & Inland Ins. Co. v. Jenckes Mach. Co., Civ. A. Nos. 85-0586S, 85-0690S, 1986 WL 9717, at *1 (D.R.I. Feb. 19, 1986). "The threshold of the 'clearly erroneous' test is high." Id. A magistrate judge's order may be deemed "clearly erroneous" only "when, although

there is evidence to support it, the court after reviewing all the evidence, is left with the definite and firm conviction that the magistrate judge made a mistake." Harvard Pilgrim Health Care of New England v. Thompson, 318 F. Supp. 2d 1, 6 (D.R.I. 2004). Thus, the reviewing court "must refrain from second guessing the magistrate judge's pre-trial discovery rulings." Id.

Plaintiffs do *not* assert that the agencies considered information that is not in the administrative record (part of the first exception to the record rule). Indeed, Brown University has not made the requested admissions, so the agencies certainly did not consider any such information in making their decision.

Plaintiffs also do *not* assert that the second exception to the record rule (information was available to the agencies that the agencies did not consider, but should have) applies. Again, Brown University has not made the requested admissions, so no such information was available to the agencies for their consideration in making their decision.

Plaintiffs also do *not* assert that the third exception to the record rule (new information came to light after the agency made its decision) applies. Indeed, Plaintiffs' Requests all pertain to allegations that Plaintiffs made before the agencies issued their decision; thus, there is no new information.

Plaintiffs also do *not* assert that the fifth exception to the record rule (the case involves a "very technical matter" for which the Court "needs" expert help) applies. There is certainly no such "technical matter" in this case.

Plaintiffs rely on only two exceptions to the record rule: (1) adverse information allegedly was presented to the agencies but is not contained in the record (part of the first exception); and (2) the agencies allegedly acted in bad faith (the fourth exception). See Order at

4. As demonstrated below, the Magistrate Judge's ruling that neither exception applies is legally correct.

## I. <u>The Subject Requests Do Not Pertain To "Adverse Information"</u>

Plaintiffs argue that the administrative record should be supplemented with post-administrative decision discovery, namely, requested admissions of alleged failure to disclose certain information prior to issuance of the draft EA. Plaintiffs assert that such admissions (which do not exist) would constitute adverse information that was not included in the administrative record.

*First*, Magistrate Judge Martin held that Brown University was not obligated to disclose the requested information to Plaintiffs and Plaintiffs had no legal right to comment on the draft EA. <u>See</u> Order at 7. This ruling is consistent with the applicable regulations. The Council on Environmental Quality ("CEQ") Regulations do *not* provide for a public comment period for a draft EA, and do not otherwise confer on the public a right to comment on a draft EA. <u>See</u> 40 C.F.R. §§ 1500-1508; <u>see also id</u> § 506.6. Although the CEQ Regulations do contemplate public comments for an EIS, they specifically omit conferring a public right to comment on a draft EA. <u>See id.</u> §§ 1500-1508; <u>see also id.</u> §§ 1506.6(f), 1506.10(c). Indeed, the First Circuit has remarked that "[n]othing in the CEQ regulations requires circulation of a draft EA for public comment, except under certain limited circumstances." <u>Alliance to Protect Nantucket Sound, Inc. v. United States Dept. of Army</u>, 398 F. 3d 105, 115 (1st Cir. 2005) (citing 40 C.F.R. § 1501.4(e)(2)).[1]

---

[1] "Public participation is required by the CEQ regulations if the proposed action is without precedent or is similar to an action that normally requires preparation of an environmental impact statement. 40 C.F.R. § 1501.4(e)(2). In such cases, an agency must make its proposed finding of no significant impact available for public review thirty days before the agency makes its final determination whether to prepare an environmental impact statement."

The NASA and DOE regulations implementing NEPA also do *not* provide for a public comment period for a draft EA, and do not otherwise confer on the public a right to comment on a draft EA. See 14 C.F.R. §§ 1216.3, 1216.309; 10 C.F.R. §§ 1021, 1021.301. Those regulations do contemplate public comments for an EIS, but they specifically omit conferring a public right to comment on a draft EA. See 14 C.F.R. §§ 1216.3, 1216.308(a); 10 C.F.R. §§ 1021, 1021.301, 1021.311, 1021.313.

Because Plaintiffs did not have a legal right to the information prior to issuance of the draft EA, and did not have a legal right to comment on the draft EA itself, any failure to provide the information could not constitute "adverse" information. Accordingly, the Magistrate Judge's Order is neither clearly erroneous nor contrary to law.

*Second*, the "adverse" information exception is not applicable to this case because Plaintiffs' alleged facts concerning the alleged nondisclosure of information are contained in the administrative record. See AR at 897-900; Order at 5. Thus, even if the subject information could be deemed "adverse," the alleged facts are contained in the record. Accordingly, the elements of the "adverse" information exception are not satisfied. Indeed, as Magistrate Judge Martin held, the administrative record is not incomplete simply because there is no acknowledgement from NASA or the DOE of alleged facts that are contained in the record. See Order at 5. Accordingly, the Magistrate Judge properly denied Plaintiffs' Motion to Compel, and that denial should be affirmed and adopted.

---

Defenders of Wildlife, Earth Island Institute v. Hogart, 330 F. 3d 1358, 1373 -1374 (Fed. Cir. 2003). Plaintiffs do not allege that any of those circumstances exist in this case.

## II. <u>The Subject Requests Do Not Pertain To Bad Faith</u>

Plaintiffs assert that (1) Brown University acted in bad faith by refusing to provide Plaintiffs the requested information and (2) Brown University's alleged bad faith should be imputed to the agencies. Magistrate Judge Martin's rejection of Plaintiffs' arguments is legally correct.

*First*, as demonstrated above, Brown University had no legal obligation to disclose the subject information to Plaintiffs, and Plaintiffs had no legal right to comment on the draft EA. Accordingly, the Magistrate Judge correctly held that any alleged failure to make such disclosure would not constitute bad faith. <u>See</u> Order at 7.

*Second*, because Plaintiffs were not entitled to disclosure of the subject information, the agencies had no legal obligation to verify or acknowledge the alleged nondisclosure of that information. Absent such a legal obligation, the absence of such verification or acknowledgement could not constitute bad faith: "A failure by the agencies to verify something which Brown was not required to do in the first place, does not, in this court's view, rise to the level of bad faith." Order at 8.

*Third*, as Magistrate Judge Martin held, Plaintiffs have failed to direct the Court to any authority for their assertion that any alleged bad faith could be imputed to the agencies. <u>See</u> Order at 6. Absent bad faith by the agencies, the bad faith exception to the record rule could not be satisfied.[2]

Accordingly, the Magistrate Judge properly denied Plaintiffs' motion to compel, and that denial should be affirmed and adopted.

---

[2] Magistrate Judge Martin also correctly held that "[t]o the extent that Plaintiffs contend that NASA's alleged predetermination not to extend the 30-day comment period constitutes bad faith, Plaintiffs' argument is rejected." Order at 8.

## III. The Discovery Issue Should Not Be Deferred

The Court should reject Plaintiffs' request to reserve decision on their objections to the Order until hearing Plaintiffs' motion to supplement the administrative record. Plaintiffs' motion to compel presents the very limited issue of whether the requested discovery falls within the scope of either the adverse information or bad faith exceptions to the record rule. There is no reason to delay a resolution of that issue, especially since Plaintiffs themselves brought that issue to the Court. Reserving decision on Plaintiffs' objections to the Order would serve no purpose other than delay and potential confusion of the issues. Accordingly, Brown University respectfully requests that the Court not reserve decision on Plaintiff's objections to the Magistrate Judge's Order.

## CONCLUSION

Magistrate Judge Martin's Order denying Plaintiffs' motion to compel is legally correct. The subject Requests do not fall within the scope of the exceptions for either adverse information or bad faith (or any of the other exceptions to the record rule). Accordingly, the Magistrate Judge's rulings and Order are neither clearly erroneous nor contrary to law, and should be affirmed and adopted.

Respectfully submitted,

JOSEPH AVANZATO (#4774)
KRISTEN W. SHERMAN (#5595)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
Tel. (401) 274-7200
Fax (401) 351-4607

and

BEVERLY E. LEDBETTER, ESQ. (#2208)
General Counsel
Office of the General Counsel
Brown University
110 South Main Street
Providence, RI
Tel: (401) 863-9900
Fax: (401) 863-1199

Attorneys for Defendant Brown University

Dated: December 15, 2005

CERTIFICATE OF SERVICE

I hereby certify that a copy of the within was hand delivered on this 15th day of December, 2005, to J. William Harsch, Esq., 170 Westminster Street, Suite 800, Providence, Rhode Island and Robin Feder, Esq., United States Attorney's Office, District of Rhode Island, Fleet Center, 50 Kennedy Plaza, 8th Floor, Providence, RI 02903 and William G. Touret, 11 South Angell Street #264, Providence, Rhode Island 02906.

*364336_1.doc*